# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ASARCO LLC,<br><br>  Plaintiff,<br>v.<br>NL INDUSTRIES, INC., *et al.*,<br><br>  Defendants. | Case No. 4:11-cv-00864-JAR<br><br>**PLAINTIFF'S PROPOSED SCHEDULING PLAN FOR DISCOVERY FOR A *PRIMA FACIE* SHOWING OF LIABILITY** |

Plaintiff, ASARCO LLC, by and through its respective counsel of record, and under Fed. R. Civ. P. 26(f), E. D.Mo. L.R. 5.02, 5.03, and this Court's Memorandum and Order dated March 11, 2013 ("the Order"), submit the following Proposed Scheduling Plan.  The parties disagree on the scope of discovery contemplated by the Court's March 11, 2013 Memorandum and Order, and Plaintiff sets forth its position below.

The parties were working on a Joint Scheduling Order as contemplated in the Joint Motion to Continue (Joint MOTION for Extension of Time to File the Joint Proposed Scheduling Plan, ECF #143). On the morning of April 8, 2013, Plaintiff provided to all defendants a revised draft of the proposed Joint Scheduling Order. As of 4:30 p.m., on April 8th, defendants failed to communicate approval for the revised draft or to otherwise state any requested changes. Thus, Asarco files this proposed scheduling order separately so as to comply with the deadline set by the Court in its Order of March 11, 2013 (ECF #s 141 and 144).

4831-8431-9251.4.

**Asarco's Proposed Scheduling Plan for Discovery for a *Prima Facie* Showing of Liability**

*Subjects of Discovery*.   Asarco's Proposal

Pursuant to the Court's March 11, 2013 Memorandum and Order, the subject matter of discovery at this time will be limited to the issue of Defendants' respective liability for Asarco's claim for contribution and cost recovery under CERCLA set forth in the Second Amended Complaint. Discovery will proceed pursuant to a "Lone Pine"[1] Modified Case Management Order (MCMO) in order that Asarco may make a prima facie showing on the issue of liability.  Topics for discovery through deposition and written discovery so that Asarco may make its *Lone Pine* showing may include, but are not limited to: (a) the identity of each hazardous substance from each Defendant's activities that resulted in exposure and which has caused environmental injury, (b) whether any and each of these substances can cause the type(s) of environmental injuries Asarco claims occurred and for which it seeks contribution (general causation), (c) the dose or other quantitative measurement of the concentration, timing, and duration of exposure, (d) the precise location of each exposure, (e) an identification, by way of reference to scientifically based studies, of the specific environmental harms that have allegedly occurred, (f) quantification of contamination to property attributable to each Defendant's operations, (g) a conclusion that such harm was in fact caused by exposure from each separate Defendant's operations, and any other information which  is required to support Asarco's prima facie case against respective Defendants.  Pursuant to the Court's order, Defendants are not obligated to conduct discovery until Asarco establishes its prima facie case.  Any discovery propounded by Defendants to Asarco or to other Defendants will also be limited to Asarco's prima facie case, including but not limited to the *Lone Pine* topics (a) through (g), above.

---

[1] *Lore v. Lone Pine Corp.*, 1986 WL 635707 (N.J. Sup. Ct. Nov. 18, 1986)

{*}
4831-8431-9251.4.

Asarco objects to the content of Defendants' Joint Proposed Scheduling Plan as it contains argument and an inappropriate characterization of Asarco's contribution claims in this action. Asarco also objects to the effort by Defendants NL Industries, Inc., Anschutz Mining Corporation, Delta Asphalt, Inc., and St. Francois County Environmental Corporation to use the Joint Proposed Scheduling Plan to seek reconsideration of the Court's Order denying a complete stay of this case. The Court has already denied defendants' NL Industries, Inc., Anschutz Mining Corporation, Delta Asphalt, Inc., and St. Francois County Environmental Corporation's Motions to Stay in the Court's March 13, 2013 Memorandum and Order (ECF # 141), finding that the case may proceed on the issue of CERCLA contribution liability. (ECF # 141 at 7). Accordingly, the Court found that discovery may be advanced through the Court's entry of a modified case management order ("MCMO") requiring Asarco to make a prima facie showing on the issue of liability as to each defendant. Asarco requested that defendants omit the argument and content unrelated to discovery ordered by the Court in its March 13, 2013 Memorandum and Order. Defendants insist on attempting to re-litigate a decided issue and to otherwise disparage Asarco. Asarco also objects to non-Union Pacific defendant's incorrect statements regarding the elements necessary to establish a prima facie case of liability under Section 113 of CERCLA. See *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 721 (2d Cir. 1993)(discussing elements of a CERCLA contribution case). Asarco objects further to Defendants' statements regarding Asarco anticipated use of experts to support its prima facie showing of liability under CERCLA. Asarco intends to use experts to support its *prima facie* case, if such expert opinion is deemed necessary and helpful to explain technical issues to the Court.

{*}
4831-8431-9251.4.

1. *Phased Discovery*.

Asarco's Proposal

Pursuant to the Court's Order, discovery will be conducted in phases.  The initial phase concerns defendants' liability and is limited to written discovery and depositions necessary to develop evidence on this issue.  Each party may conduct up to four depositions in the initial phase.  Discovery regarding all other issues will be stayed until further order of the Court.  If the court orders initial disclosures by all parties as to the issue of liability pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties' disclosures will be due at least 30 days after Asarco receives responses to initial written discovery.   As the initial phase is limited to establishment of a *prima facie* showing, expert depositions are deferred until subsequent phases.

2. *Discovery Deadlines*.

Asarco's Proposal

   a. The parties may commence discovery on or after May 15, 2013.

   b. Close of Discovery:  Friday, **February 7, 2014**.

   c. On or before **May 5, 2014**, Asarco shall file its *Lone Pine* response with the Court.

   d. Defendants' motions related to Asarco's *Lone Pine* response shall be filed no later than **June 3, 2014.**

   e. The parties request that a hearing on Asarco's *Lone Pine* response be held after **July 1, 2014**.

{*}
4831-8431-9251.4.

3.     *Scheduling of depositions*.

Asarco's Proposal

The parties agree that they will use reasonable efforts to schedule depositions by agreement and make best efforts to select mutually convenient dates, times, and places for depositions.  Unless otherwise agreed, formal notice of depositions is required.  All parties shall receive notice of a scheduled deposition at least twenty-one (21) calendar days before the deposition is scheduled to begin, unless otherwise mutually agreed upon in writing.  Depositions may be scheduled Monday through Friday, and unless otherwise agreed, shall begin no earlier than 9:00 a.m. and conclude no later than 5:00 p.m. local time.

4.     *Electronically Stored Information*.  The parties have initially conferred regarding the preservation, disclosure, and discovery of electronically stored information ("ESI").  The parties are working independently to ensure the proper preservation, disclosure, and discoverability of relevant ESI.  The parties agree that given the historical nature of the Sites, ESI is likely to be minimal.  However, to the degree ESI is produced, the production format shall be PDF or such other reasonably usable electronic form that does not create an undue burden or expense.  The parties do not anticipate any issues regarding electronically stored information necessitating coverage under this Order.

5.     *Protection of Privileged and Trial-Preparation Materials*.

Asarco's Proposal

If any information or document alleged to be subject to attorney-client privilege, attorney work product or any other applicable privilege or immunity from discovery is inadvertently produced, despite reasonable safeguards, such production shall in no way prejudice or otherwise constitute

a waiver of, or estoppel as to, any claim of privilege, work product, or other grounds for withholding production to which the producing party would otherwise be entitled.  The parties stipulate that Fed. R. Civ. P. 26(b)(5)(B) is fully applicable.

6. *Track Preference*.  Pursuant to Local Rule 5.02, Asarco requests that this case be assigned to Case Management Track 3 due to its likelihood of concluding more than 18 months after filing.

7. *Other Orders*.  At this time, Asarco does not request the Court to enter any other orders under Fed. R. Civ. P. 26(c) or 16(b) and (c) aside from the scheduling order contemplated as a matter of course pursuant to L.R. 5.04.

| | |
|---|---|
| Dated: April 8, 2013 | /s/   Michael L. Belancio |

Gregory Evans, *Admitted Pro Hac Vice*
James G. Warren, *Admitted Pro Hac Vice*
Integer Law Corporation
633 West Fifth Street
Floor Sixty Seven
Los Angeles, California 90071
Telephone: (213) 627-2268
Facsimile:  (213) 627-2579
E-Mail: gevans@integerlegal.com
E-Mail: jwarren@integerlegal.com

W. James Foland (SBN 25022)
Michael L. Belancio  (SBN 50115)
Foland, Wickens, Eisfelder, Roper & Hofer, PC
911 Main Street, 30th Floor
Kansas City, Missouri 64105
Telephone: (816) 472-7474
Facsimile:  (816) 472-6262
E-Mail: jfoland@fwpclaw.com
E-Mail: mbelancio@fwpclaw.com

ATTORNEYS FOR ASARCO LLC

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on April 8, 2013 with a copy of this document via the Court's CM/ECF system.

/s/ Michael L. Belancio

{*}
4831-8431-9251.4.