# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ASARCO LLC,<br><br>               Plaintiff,<br><br>  v.<br><br>NL INDUSTRIES, INC., *et al.*,<br><br>               Defendants. | Case No. 4:11-cv-00864-JAR<br><br>**DEFENDANTS' PROPOSED SCHEDULING PLAN FOR DISCOVERY FOR A *PRIMA FACIE* SHOWING OF LIABILITY** |

Defendants, by and through their respective counsel of record, and under Fed. R. Civ. P. 26(f), E. D.Mo. L.R. 5.02, 5.03, and this Court's Memorandum and Order dated March 11, 2013 ("the Order"), submit the following proposals on the Joint Proposed Scheduling Plan. The parties disagree on the scope of discovery contemplated by the Court's March 11, 2013 Memorandum and Order. Plaintiff and Defendants had been working on and had planned to file a joint proposed scheduling plan, stating their respective positions. At almost the same time that one of defendants' attorneys was emailing a revised draft of the plan to Plaintiff's counsel, Plaintiff filed its proposed plan, stating Plaintiff's position. Because not all of Plaintiff's attorneys are available to consent to the filing of the latest draft of a joint proposed plan, stating both Plaintiff's and Defendants' positions, Defendants submit this proposed plan, stating Defendants' positions. Defendants hope that tomorrow, when all of Plaintiff's counsel have had an opportunity to review this plan, the parties will be able to substitute a joint plan, which will state both Plaintiff's and Defendants' positions in a single document.

**Joint Proposed Scheduling Plan for Discovery for a *Prima Facie* Showing of Liability**

    1.  *Subjects of Discovery.*

Asarco's Proposal

As presented in its separate filing (Dkt. 145).

Union Pacific's Proposal

Union Pacific does not agree with Asarco's proposed plan and does not think that it is consistent with a limited, cost-effective, and efficient approach to the *Lone Pine* process. Union Pacific does agree that (1) discovery on the issue of allocation and/or damages is stayed pursuant to the Court's Memorandum and Order dated March 11, 2013, (2) Asarco is required to submit a *Lone Pine* response as described in the Court's Memorandum and Order dated March 11, 2013, (3) Asarco may conduct limited discovery prior to submitting the *Lone Pine* response, and (4) Asarco is subject to limited discovery concerning its own liability, its allegations in the Second Amended Complaint and Defendants' defenses to liability.  As such, Union Pacific proposes the following:

Discovery on the issue of allocation and/or damages is stayed pursuant to the Court's Memorandum and Order dated March 11, 2013.  Full discovery on liability will not commence until after Asarco files its *Lone Pine* response and the Court deems that Asarco has established its prima facie case.   Until the Court makes a determination on Asarco's *Lone Pine* response, discovery is limited to topics related to Asarco's prima facie case with full discovery on liability at a later time if necessary.   Discovery will be allowed as described in ¶¶ 2 and 3 but is limited to the following topics:

a) As to Asarco, information concerning Asarco's liability, information available to Asarco concerning Defendants' liability and their defenses, and information used by Asarco to evaluate and seek approval for the SEMO settlement in Asarco's bankruptcy proceedings;

b)  As to Defendants,

   i.   the identity of each hazardous substance from a Defendant's activities that resulted in exposure and which Asarco claims has caused environmental injury,

   ii.  whether any and each of these substances can cause the type(s) of environmental injuries Asarco claims occurred and for which it seeks contribution,

   iii. the dose or other quantitative measurement of the concentration, timing, and duration of exposure,

   iv.  the precise location of each exposure,

   v.   the specific environmental harms that have allegedly occurred,

   vi.  quantification of contamination to property attributable to a Defendant's operations, and

   vii. conclusions that such harm was in fact caused by exposure from a Defendant's operations.

Remaining Defendants' Proposal

None of the remaining Defendants, other than Union Pacific, sought any type of *Lone Pine* showing from Asarco and the remaining Defendants, other than Union Pacific, are not seeking any *Lone Pine* showing from Asarco and respectfully submit that as a result no discovery should be propounded or taken from the remaining Defendants, other than Union Pacific, and affirm that they are not seeking any discovery from Asarco.  The remaining Defendants respectfully suggest that Asarco shall not be required at this time to provide any Rule 26 disclosure statement to the remaining Defendants and that the remaining Defendants not be required to provide any Rule 26 disclosure statement.  The remaining Defendants have no objection to Asarco and Union Pacific engaging in discovery, so long as they are not forced to participate.  Union Pacific has no

objection to the remaining Defendants not being required to participate in discovery with Asarco or Union Pacific.

The remaining Defendants set forth this proposal, because in order to set forth a liability case under Section 113 of CERCLA, Asarco is required to prove no fewer than three things: a) that Defendants are potentially responsible parties under Section 107 of CERCLA; b) each Defendants' equitable share of costs, and c) that Asarco has paid more than its fair share. *See e.g. Ashland Inc. v. Electroforming*, 729 F.Supp.2d 526, 547 (D.R.I., 2010)("On the other hand, in a contribution action under Section 113, the plaintiff bears the burden of proving (1) that the defendant is a PRP under Section 107(a), *United States v. Davis*, 261 F.3d at 29, and (2) the defendant's equitable share of costs. Id. at 42-43; *Minyard Enter., Inc. v. Southeastern Chem. & Solvent Co.*, 184 F.3d 373, 385 (4th Cir.1999) ("[u]nder § 113(f) of CERCLA, the Plaintiff bears ... the burden of proving the defendant's equitable share of costs.").") Determining each Defendants' equitable share of costs, and whether Asarco has paid more than its fair share are going to be detailed factual inquiries costing hundreds of thousands, if not millions of dollars in discovery costs, along with expensive experts. This Court has already recognized that:

- it could not "reliably make" any determination of Asarco's claim "without knowing what the final remedy for the SEMO sites is."

- "Staying this case allows the government to move forward and make a determination of the final remedy, thereby eliminating speculation on the part of the Court. The stay period would also afford Defendants an opportunity to negotiate a settlement of their liability with the EPA, thereby limiting the issues remaining in this case. As a result, this case could be resolved more efficiently and with fewer judicial resources."

- "Asarco's claim is premature. If anything, Asarco gained an advantage over Defendants by resolving its liability with the government in bankruptcy and outside the CERCLA process."

*See* Docket No. 141 at pages 4 - 6.  Yet, Asarco wants to plow forward with full blown discovery on its liability case under Section 113.  The remaining defendants respectfully submit that doing so, would entirely undo what stated above.  None of the defendants, other than Union Pacific, sought to conduct liability discovery, and Union Pacific only sought entry of a Case Management Order under *Lore v. Lone Pine Corp.*, 1986 WL 635707 (N.J. Sup. Ct. No. L-33606-85  Nov. 18, 1986). "The purpose of a *Lone Pine* Order is to require Plaintiff to establish elements of its claim **before complex and costly discovery takes place**." Moore's Federal Practice § 16.13[2][b] (3d ed.2012) (emphasis added).  What Asarco is attempting to do, full scale discovery on all elements of its Section 113 claim, violates both the letter and spirit of a *Lone Pine* order.  Another court, recently faced with the identical facts, except where no party sought a *Lone Pine* order, stayed all discovery until final determinations and natural resource damages determinations were made by the government.  See Docket No. 223 in *Asarco, LLC v. NL Industries, Inc., et al.,* Case No. 11-CV-00138-BP (W.D.Mo.)(the "Tri-States Case"). With respect to those Defendants who did not seek, and are not seeking, a *Lone Pine* showing, the same should occur here.

2. *Phased Discovery.*

Asarco's Proposal

As presented in its separate filing (Dkt. 145).

Union Pacific's Proposal

Discovery is limited to liability and shall be conducted in two phases.  Phase I is <u>limited</u> discovery into liability and ASARCO's *prima facie* showing with only the exchange of initial disclosures between the parties and three depositions per party, as described in ¶ 3.  Phase I liability discovery is limited to the topics described in ¶ 1. Phase I discovery is limited in recognition that while Asarco may require <u>some</u> very limited discovery, the primary purpose of the *Lone Pine* order is to require production of that which Asarco ought to have obtained before filing suit pursuant to its obligations under Rule 11.   Discovery taken in Phase I shall count against the total discovery limits for this matter.

At the close of Phase I, the parties may again raise motions for summary judgment. Phase II of liability discovery will be addressed in separate orders if necessary.

<u>Remaining Defendants' Proposal</u>

None of the remaining Defendants, other than Union Pacific, sought any type of *Lone Pine* showing from Asarco and the remaining Defendants, other than Union Pacific, are not seeking any *Lone Pine* showing from Asarco and respectfully submit that as a result no discovery should be propounded or taken from any of the remaining Defendants, other than Union Pacific, and affirm that they are not seeking any discovery from Asarco. The remaining Defendants do not object to any phasing as between Asarco and Union Pacific, except note that Asarco is seeking far more than what would be allowed even in a *Lone Pine* situation.

   3.  *Discovery Deadlines*.

<u>Asarco's Proposal</u>

As presented in its separate filing (Dkt. 145).

Union Pacific's Proposal

a) Initial Disclosures. Asarco and Union Pacific shall make initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than **August 31, 2013**. Asarco shall produce its records as to Asarco's liability, Union Pacific's liability, and any documents concerning Asarco's evaluation of settlement claims made in bankruptcy court about the SEMO site and concerning Asarco's seeking approval for the SEMO settlement in bankruptcy.

b) Oral Depositions.

   1. Each party will be allowed one (1) corporate representative deposition pursuant to FRCP 30(b)(6); and

   2. Each party will be allowed two fact witness depositions.

   3. Depositions will not be taken until disclosures are made. Such depositions are limited to the issues described in this plan and will be completed no later than **November 22, 2013**.

c) If Asarco relies on experts for its *Lone Pine* response, on or before **October 1, 2013**, Asarco shall disclose experts it will rely upon for its *Lone Pine* response. Those experts will be made available for deposition before **December 9, 2013**. Defendants may, but are not obligated to, depose any such experts. Asarco may rely only on those experts disclosed by this deadline for its *Lone Pine* response.

d) On or before **January 6, 2014**, Asarco shall file its *Lone Pine* response with the Court. Asarco's response shall include each item enumerated in the Court's Memorandum and Order dated March 11, 2013.

e) Any motions relating to expert challenges or other Defendant motions related to Asarco's *Lone Pine* responses shall be filed no later than **March 1, 2014.**

f) If it would be helpful to the Court, a hearing on Asarco's *Lone Pine* response should be held after **March 1, 2014**.

Remaining Defendants' Proposal

None of the remaining Defendants, other than Union Pacific, sought any type of *Lone Pine* showing from Asarco and the remaining Defendants, other than Union Pacific, are not seeking any *Lone Pine* showing from Asarco and respectfully submit that as a result no discovery should be propounded or taken from any of the remaining Defendants, other than Union Pacific, and affirm that they are not seeking any discovery from Asarco. The remaining Defendants have no objection to there being discovery deadlines as between Asarco and Union Pacific.

4. *Scheduling of depositions*.

Union Pacific's Proposal

Union Pacific agrees with Asarco's proposal on the scheduling of depositions as set forth in Asarco's separate filing (Dkt. 145).

Remaining Defendants' Proposal

None of the remaining Defendants, other than Union Pacific, sought any type of *Lone Pine* showing from Asarco and the remaining Defendants, other than Union Pacific, are not seeking any *Lone Pine* showing from Asarco and respectfully submit that as a result no depositions should occur involving the remaining Defendants.

5. *Electronically Stored Information*.

The defendants agree with Asarco's proposal on electronically stored infomration as set forth in Asarco's separate filing (Dkt. 145).

6. *Protection of Privileged and Trial-Preparation Materials*.

Asarco's Proposal

As presented in its separate filing (Dkt. 145).

Defendants' Proposal

The parties agree that any material inadvertently produced or disclosed, to which a party claims privilege within 30 days after learning of the inadvertent production or disclosure, will be returned immediately upon written request for return. If the parties dispute the nature of the asserted privilege they must do so in writing and the party claiming privilege shall seek protection from the Court within ten days of written notice from the party opposing the privilege claim. The parties request that this provision be included in the Case Management Order.

7. *Track Preference*. Union Pacific agrees with Asarco's proposal on the scheduling of depositions 4 as set forth in Asarco's separate filing (Dkt. 145). The other remaining Defendants submit that due to the stay order entered by this Court, none of the Case Management Track options are applicable here. As between Asarco and Union Pacific, the remaining Defendants have no objection to the Case Management Track they select for themselves.

8. *Other Orders*. The defendants agrees with Asarco's proposal on this provision as set forth in Asarco's separate filing (Dkt. 145).

All defendants stipulate to the filing of this document. All counsel whose signature line(s) appear below consent to the e-filing of this Joint Proposed Scheduling Plan.

| | |
|---|---|
| Dated: April 8, 2013 | /s/ Ann E. Buckley |
| | Stephen M. Buckley   #32919MO |
| | Ann E. Buckley         #26970MO |
| | BUCKLEY & BUCKLEY, LLC |
| | 1139 Olive Street, Suite 800 |
| | St. Louis, Missouri 63101-1928 |
| | Telephone: (314) 621-3434 |
| | Facsimile:  (314) 621-3485 |
| | E-Mail: SBuckley@buckleylawllc.com |
| | E-Mail: ABuckley@buckleylawllc.com |
| | |
| | Carolyn L. McIntosh |
| | PATTON BOGGS LLP |
| | 1801 California Street, Suite 4900 |
| | Denver, Colorado 80202 |
| | Telephone: (303) 894-6127 |
| | Facsimile:  (303) 894-9239 |
| | E-Mail: cmintosh@pattonboggs.com |
| | |
| | Michael Connelly |
| | CONNELY BAKER WOTRING L.L.P. |
| | 700 JPMorgan Chase Tower |
| | 600 Travis |
| | Houston, Texas 77002 |
| | Telephone: (713) 980-1700 |
| | Facsimile:  (713) 980-1702 |
| | E-Mail: mconnelly@connellybaker.com |
| | |
| | ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY |
| | |
| Dated: April 8, 2013 | /s/ Joel L. Herz |
| | Joel L. Herz |
| | LAW OFFICES OF JOEL L HERZ |
| | 3573 E. Sunrise Drive, Suite 215 |
| | Tucson, Arizona 85718 |
| | Telephone: (520)529-8080 |
| | Facsimile:  (520)529-8077 |
| | E-Mail: joel@joelherz.com |

10

                    Jane E. Fedder  #38228MO
                    HUSCH BLACKWELL, LLP
                    190 Carondelet Plaza, Suite 600
                    St. Louis, Missouri 63105
                    Telephone: (314) 480-1500
                    Facsimile:  (314) 480-1505
                    E-Mail: jane.fedder@huschblackwell.com


                    W.C. Blanton #54125MO
                    HUSCH BLACKWELL LLP
                    4801 Main Street
                    Suite 1000
                    Kansas City, Missouri 64112
                    Telephone: (816) 983-8151
                    Facsimile:  (816) 983-8080
                    E-Mail: WC.Blanton@huschblackwell.com

                    ATTORNEYS FOR DEFENDANT NL
                    INDUSTRIES, INC.


Dated: April 8, 2013          /s/ John F. Cowling
                    John F. Cowling    #30920MO
                    Winston E. Calvert    #57421MO
                    ARMSTRONG TEASDALE LLP
                    7700 Forsyth Boulevard, Suite 1800
                    St. Louis, Missouri 63105
                    Telephone: (314) 621-5070
                    Facsimile:  (314) 621-5065
                    E-Mail: jcowling@armstrongteasdale.com
                    wcalvert@armstrongteasdale.com

                    ATTORNEYS FOR ANSCHUTZ MINING
                    CORPORATION

| | |
|---|---|
| Dated: April 8, 2013 | /s/ Peter S. Strassner<br>Peter S. Strassner     #35348MO<br>David D. Farrell<br>Ryan Russell Kemper #57440MO<br>THOMPSON COBURN LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>Telephone: (314) 552-6000<br>Facsimile:  (314) 552-7000<br>E-Mail: pstrassner@thompsoncoburn.com<br>E-Mail: dfarrell@thompsoncoburn.com<br>E-Mail: rkemper@thompsoncoburn.com<br><br>ATTORNEYS FOR<br>DEFENDANT/COUNTERCLAIMANT DELTA ASPHALT, INC. |
| Dated: April 8, 2013 | /s/  R. Scott Reid<br>R. Scott Reid   #42841MO<br>SCHNAPP, FALL, SILVEY & REID, LLC<br>135 East Main Street<br>P.O. Box 151<br>Fredericktown, Missouri 63645<br>Telephone: (573) 783-7212<br>Facsimile:  (573) 783-7812<br>E-Mail: sreid@schnapplaw.com<br><br>ATTORNEY FOR DEFENDANT<br>ST. FRANCOIS COUNTY ENVIRONMENTAL CORPORATION |