UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASARCO LLC, a Delaware corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-00864-JAR |
| | ) |
| NL INDUSTRIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MODIFIED CASE MANAGEMENT ORDER

This is a civil action brought by Plaintiff Asarco LLC ("Asarco") under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., for contribution and cost recovery against Defendants NL Industries, Inc. ("NL"), Union Pacific Railroad Company ("Union Pacific"), St. Francois County Environmental Corporation ("SFCEC"), Delta Asphalt, Inc. ("Delta"), and Anschutz Mining Corporation ("AMC") for monies it paid in its settlement with the United States and the State of Missouri regarding its environmental liability at the Southeast Missouri Mining District ("SEMO") sites.

As an alternative to granting a total stay of Asarco's claims pending final determination of the remedy for the SEMO sites, the Court, in its March 11, 2013 Order, concluded that entry of a "Lone Pine" modified case management order[1] would keep this case moving forward in a meaningful way without imposing an undue burden on Defendants. (Doc. No. 141, pp. 6-7) The

---

[1] Lone Pine case management orders derive from a 1986 decision of the New Jersey Superior Court in Lore v. Lone Pine Corp., 1986 WL 637507 (N.J. Superior Ct. Nov. 18, 1986). In Lone Pine, the New Jersey court entered a pretrial order that required the plaintiffs to provide facts in support of their claims or risk having their case dismissed. Lone Pine orders are typically entered in cases involving complicated legal and factual issues in complex civil actions with multiple parties, where discovery would be particularly challenging, protracted and expensive. Roth v. Cabot Oil & Gas Corp., 287 F.R.D. 293, 297 (M.D.Pa. 2012).

1

Court entered a stay of this action with respect to any apportionment or damages determination and ordered that the parties submit a joint proposed scheduling plan for discovery necessary to develop evidence on Asarco's prima facie case against Defendants. The Court is now in receipt of the parties' respective proposed scheduling plans. (Doc. Nos. 145, 146) Having reviewed the proposed plans, the Court does not find it necessary to hold a scheduling conference with the parties.

In their proposal, Defendants NL, SFCEC, Delta, and AMC submit that because they are not seeking any Lone Pine showing from Asarco, they should not be compelled to participate in liability discovery with Asarco. (Doc. No. 146, pp. 3-4) To the extent Defendants are requesting the Court reconsider its previous Order denying a complete stay of this case, that request will be denied. The Court has concluded that proceeding in this manner with limited liability discovery will assist the parties and this Court in efficiently and effectively assess the merits of Asarco's claims before engaging in costly and time-consuming full discovery and pre-trial procedures. Moreover, at oral argument, Defendants indicated that while they preferred not to be involved in discovery, they would respect the Court's decision in the event the Court were to enter a Lone Pine order. (Transcript of Motion Hearing, Doc. No. 129, 69:15-17; 70:6-8, 12-17)

Accordingly,

**IT IS HEREBY ORDERED** that, due to the complex nature of this case, and in order to streamline discovery and make the pre-trial efforts of the parties and the Court more efficient, the presumptive case management order described in Rule 16 of the Federal Rules of Civil Procedure[2] is modified as follows:

---

[2] No federal rule expressly authorizes the use of Lone Pine orders; however, federal courts have interpreted Rule 16 of the Federal Rules of Civil Procedure as supplying the

**I. SCOPE OF DISCOVERY**

1. Discovery on the issue of allocation and/or damages is stayed pursuant to this Court's Order dated March 11, 2013 until further order of the Court.

2. Discovery on Asarco's prima facie case is limited to the following Lone Pine topics:

i. the identity of each hazardous substance from a Defendant's activities that resulted in exposure and which Asarco claims has caused environmental injury,

ii. whether any and each of these substances can cause the type(s) of environmental injuries Asarco claims occurred and for which it seeks contribution,

iii. the dose or other quantitative measurement of the concentration, timing, and duration of exposure,

iv. the precise location of each exposure,

v. the specific environmental harms that have allegedly occurred,

vi. quantification of contamination to property attributable to a Defendant's operations, and

vii. conclusions that such harm was in fact caused by exposure from a Defendant's operations.

**II. SCHEDULING PLAN**

1. This case has been reassigned to **Track 3 (Complex).**

---

authority to enter Lone Pine orders in complex litigation, pursuant to the broad discretion of district courts to administer the civil actions over which they preside. Roth, 287 F.R.D. at 297 (citing McManaway v. KBR, Inc., 265 F.R.D. 384, 385 (S.D. Ind. 2009) ("Lone Pine orders are permitted by Rule 16(c)(2)(L) of the Federal Rules of Civil Procedure which provides that a court may take several actions during a pretrial conference, including 'adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems . . . .' ").

2. <u>Discovery</u>. Phased discovery shall proceed in the following manner: Discovery shall initially be limited to liability and Asarco's prima facie showing with only the exchange of initial disclosures between the parties and depositions necessary to develop evidence on this issue.

(a) The parties shall conduct discovery at the times and in the manner prescribed by the Federal Rules of Civil Procedure, unless modified herein.

(b) Each party will be allowed one corporate representative deposition pursuant to Fed.R.Civ.P. 20(b)(6) and two fact witness depositions. The parties shall use reasonable efforts to schedule depositions by agreement and make best efforts to select mutually convenient dates, times, and places for depositions. Unless otherwise agreed, formal notice of depositions is required. All parties shall receive notice of a scheduled deposition at least twenty-one (21) calendar days before the deposition is scheduled to begin, unless otherwise mutually agreed upon in writing. Depositions may be scheduled Monday through Friday, and unless otherwise agreed, shall begin no earlier than 9:00 a.m. and conclude no later than 5:00 p.m. local time.

(c) To the extent electronically stored information ("ESI") is produced, the production format shall be PDF or such other reasonably usable electronic form that does not create an undue burden or expense.

(d) If any material alleged to be subject to attorney-client privilege, attorney work product or any other applicable privilege or immunity from discovery is inadvertently produced, despite reasonable safeguards, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other grounds for withholding production to which the producing party would otherwise be entitled. If the parties dispute the nature of the asserted privilege they shall do so in writing and the party claiming

4

privilege shall seek protection from the Court within ten (10) days of written notice form the party opposing the privilege claim.

(e) Phase II of liability discovery will be addressed in a separate order if necessary.

(f) The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **October 3, 2013.**

(g) Asarco shall disclose any expert witnesses relied on for its Lone Pine response and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 2, 2013.** Asarco's expert witnesses shall be deposed no later than **February 6, 2014.**

(h) The parties shall complete all Phase I discovery no later than **March 7, 2014.** Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(i) Motions to compel shall be pursued in a diligent and timely manner.

4. Asarco's Lone Pine response shall be filed with the Clerk no later than **May 14, 2014.** Any motions related to Asarco's Lone Pine response shall be filed no later than **July 16, 2014**. A hearing on Asarco's Lone Pine response is scheduled for **September 12, 2014 at 10:00 a.m.** Dated this 21st day of June, 2013.

                                                                                             _____
                                                                                              JOHN A. ROSS
                                                                                            UNITED STATES DISTRICT JUDGE