| | | |
|---|---|---|
| ASARCO LLC, a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-CV-00864-JAR |
| | ) | |
| NL INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Union Pacific's Motion to Compel Deposition Responses filed March 28, 2014. (Doc. No. 206) The Court granted Union Pacific's request for expedited briefing on the motion. (Doc. No. 207) Plaintiff Asarco filed its response in opposition to the motion on April 7, 2014 (Doc. No. 208) and Union Pacific filed its reply on April 11, 2014. (Doc. No. 209) The motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be granted in part.

**Background**

On February 28, 2014, Union Pacific served its Amended Notice of Deposition of Asarco. (Doc. No. 206-2) Asarco served its Amended Notice of Objections on March 13, 2014. (Doc. No. 206-3) On March 19, 2014, Union Pacific conducted a Rule 30(b)(6) deposition of Asarco's corporate representative, John Pfahl.

In support of its motion, Union Pacific argues that Asarco improperly instructed Mr. Pfahl not to answer a number of questions regarding Asarco's liability and the liability of other parties at the SEMO sites. (Doc. No. 206, pp. 3-5) Union Pacific further argues that Asarco did not adequately prepare Mr. Pfahl to respond to all of the noticed topics. (Id., pp. 5-7)

Union Pacific seeks to compel testimony on the following noticed topics:

1. All COMMUNICATIONS between ASARCO and the Missouri Department of Natural Resources CONCERNING ASARCO'S liability or potential liability in SEMO or at the SEMO SITES.

2. All COMMUNICATIONS between ASARCO and EPA CONCERNING ASARCO'S liability and potential liability in SEMO or at the SEMO SITES.

3. All COMMUNICATIONS between ASARCO and any other GOVERNMENTAL ENTITY CONCERNING ASARCO'S liability and potential liability in SEMO or at the SEMO SITES.

7. ASARCO's evaluation and ASSESSMENT of its liability for the SEMO SITES and the extent to which it affected the business decision by ASARCO to accept the SEMO SETTLEMENT in the BANKRUPTCY PROCEEDING and recommend that the Court approve it.

8. ASARCO's evaluation and ASSESSMENT of UNION PACIFIC's potential liability for the SEMO SITES and the extent to which it affected the business decision by ASARCO to accept the SEMO SETTLEMENT in the BANKRUPTCY PROCEEDING and recommend that the Court approve it.

9. ASARCO's evaluation and ASSESSMENT of the potential liability of all DEFENDANTS and DOE RUN and the extent to which it affected the business decision by ASARCO to accept the SEMO SETTLEMENT in the BANKRUPTCY PROCEEDING and recommend that the Court approve it.

10. ASARCO'S and/or its CONSULTANTS' business activities in SEMO and in the SEMO SITES.

11. ASARCO'S activities in the SEMO SITES CONCERNING mining, mining waste, chat, slag, concentrate, ore, raw ore, refined ore, refined material, rock, rock waste, lead and lead concentrate.

12. Any potential RELEASES or DISPOSALS of mining waste, ore, concentrate, metals or other HAZARDOUS SUBSTANCES by ASARCO in or around the SEMO SITES.

13. Any known or potential impact on the ENVIRONMENT resulting from any potential RELEASES or DISPOSALS by ASARCO and/or in its behalf in or around the SEMO SITES.

14. All ownership, lease, occupancy, or control of real property, in areas around the SEMO SITES by ASARCO.

15. All remedial actions taken by ASARCO at or in connection with the SEMO SITES.

17. The pleadings filed in the BANKRUPTCY PROCEEDING CONCERNING the SEMO SITES.

18. The evidence presented in the BANKRUPTCY PROCEEDING CONCERNING the SEMO SITES.

20. DOCUMENTS, DUE DILIGENCE, SITE ASSESSMENT, AUDIT OR ADIT MATERIALS, ELECTRONIC MEDIA, ELECTRONICALLY STORED INFORMATION, or SAMPLING, TESTING AND LABORATORY ANALYSES, INCLUDING maps, diagrams, schematics, photographs, drawings, films or videos, GIS or GPS data and/or location information CONCERNING potential liability of ASARCO for any of the SEMO SITES.

21. DOCUMENTS, DUE DILIGENCE, SITE ASSESSMENT, AUDIT OR ADIT MATERIALS, ELECTRONIC MEDIA, ELECTRONICALLY STORED INFORMATION, or SAMPLING, TESTING AND LABORATORY ANALYSES, INCLUDING maps, diagrams, schematics, photographs, drawings, films or videos, GIS or GPS data and/or location information CONCERNING potential liability of all DEFENDANTS for any of the SEMO SITES.

22. The identification of fact witnesses, including PERSONS with knowledge of relevant facts, CONCERNING ASARCO'S ENVIRONMENTAL LIABILITIES or potential ENVIRONMENTAL LIABILITIES for the SEMO SITES.

24. The identification of fact witnesses, including PERSONS with knowledge of relevant facts, CONCERNING all DEFENDANTS potential ENVIRONMENTAL LIABILITIES for the SEMO SITES.

25. Historic industrial rail line operations in SEMO, INCLUDING the Lead Belt Railway operated by Federal Mine Company and the underground rail line in St. Francois County that commenced operations from area mine to smelters circa 1920.

26. The identification of fact witnesses, including PERSONS with knowledge of relevant facts, CONCERNING any of the deposition topics included herein.

(Doc. No. 206-2) Union Pacific requests the Court order that it may continue its deposition of

Asarco at Asarco's expense, for a full seven hours, with no deduction made for the time spent

deposing Mr. Pfahl, that Asarco produce a witness fully prepared to respond to the noticed

deposition topics, and that Asarco respond to Union Pacific's questions regarding the liability of

Asarco and the other Defendants at each of the SEMO sites. (Doc. No. 206, p. 9)

Asarco responds that the only discovery permitted at this phase is that pertaining to its

contribution claim under CERCLA § 113(f), and that any discovery into Asarco's liability or the

liability of other parties at the SEMO sites exceeds the scope of discovery provided for in the

MCMO. (Doc. No. 208, pp. 2-4) In particular, questions regarding its evaluation and assessment

of Union Pacific's potential liability (Topic No. 8), activities at the SEMO sites (Topic No. 11),

ownership, lease or control of the SEMO Sites (Topic No. 14), and historic rail line operations in

SEMO (Topic No. 25), are improper when the issue of Asarco's own liability is not before the

Court. (Id., p. 10)

In further response, Asarco asserts that it designated Mr. Pfahl, an employee of 37 years,

to testify on the following topics that did not violate the Court imposed limits on discovery:

> 4. All COMMUNICATIONS between ASARCO and/or its CONSULTANTS or legal counsel and the Missouri Department of Natural Resources CONCERNING UNION PACIFIC'S potential liability in SEMO or at the SEMO SITES. This Topic does not include COMMUNICATIONS BETWEEN ASARCO and its COUNSEL which may be considered ATTORNEY/CLIENT COMMUNICATIONS, but it includes COMMUNICATIONS between ASARCO (including its CONSULTANTS and/or COUNSEL) and the Missouri Department of Natural Resources.

> 5. All COMMUNICATIONS between ASARCO and/or its CONSULTANTS or legal counsel and the EPA CONCERNING UNION PACIFIC'S potential liability in SEMO or at the SEMO SITES. This Topic does not include COMMUNICATIONS BETWEEN ASARCO and its COUNSEL which may be considered ATTORNEY/CLIENT COMMUNICATIONS, but it includes COMMUNICATIONS between ASARCO (including its CONSULTANTS and/or COUNSEL) and the EPA.

> 6. All COMMUNICATIONS between ASARCO and/or its CONSULTANTS or legal counsel and any other GOVERNMENTAL ENTITY CONCERNING UNION PACIFIC'S liability and potential liability in SEMO or at the SEMO SITES. This Topic does not include COMMUNICATIONS BETWEEN ASARCO and its COUNSEL which may be considered ATTORNEY/CLIENT COMMUNICATIONS, but it includes COMMUNICATIONS between ASARCO (including its CONSULTANTS and/or

COUNSEL) and other GOVERNMENTAL ENTITY.

16. All payments made by ASARCO to EPA, the State of Missouri, or any GOVERNMENTAL ENTITY CONCERNING potential ENVIRONMENTAL LIABILITIES at the SEMO SITES.

19. DOCUMENTS, DUE DILIGENCE, SITE ASSESSMENT, AUDIT OR ADIT MATERIALS, ELECTRONIC MEDIA, ELECTRONICALLY STORED INFORMATION, or SAMPLING, TESTING AND LABORATORY ANALYSES, INCLUDING maps, diagrams, schematics, photographs, drawings, films or videos, GIS or GPS data and/or location information CONCERNING potential liability of Union Pacific for any of the SEMO SITES.

23. The identification of fact witnesses, including PERSONS with knowledge of relevant facts, CONCERNING UNION PACIFIC'S potential ENVIRONMENTAL LIABILITIES for the SEMO SITES.

Asarco asserts that Mr. Pfhal prepared for his deposition by speaking with other Asarco employees and reviewing "voluminous" materials related to this action. (Doc. No. 208, pp. 5-6) Moreover, the standard of adequate testimony under Rule 30(b)(6) does not require the deponent to have complete knowledge, citing <u>Alexander v. FBI</u>, 186 F.R.D. 137, 143 (D.D.C. 1998) (<u>id.</u>, pp. 5-6), and a corporation responding to a Rule 30(b)(6) demand need not have information that pre-existed the witness or the company or required expert testimony or analysis. (<u>Id.</u>, pp. 9-10)

In reply, Union Pacific argues that its deposition topics go to the basis for Asarco's claims against it and Asarco's prima facie case and are not technical in nature. (Doc. No. 209, p. 7) According to Union Pacific, it has the right to learn of Asarco's evaluation of its liability, as requested in Topic 8, and how that evaluation affected the business decision to accept the settlement in the bankruptcy proceeding. Because Asarco presumably bases its claim against Union Pacific on some assessment of the historic operations of rail lines in SEMO, Union Pacific argues it is entitled to the information requested in Topic 25. (<u>Id.</u>) Finally, Union Pacific argues that Asarco should be compelled to discuss, as requested in Topics 20 and 21, its liability and the

liability of the other Defendants, including the documents, data and other materials it relied on. (Id.) Further, Union Pacific argues that if Asarco believed the noticed topics were objectionable, it was obligated to seek a protective order. (Doc. No. 209, p. 9)

**Discussion**

The Court has adopted a phased discovery and liability process in this case. In its March 11, 2013 Order, the Court concluded that a "Lone Pine" modified case management order (MCMO) requiring Asarco to make a prima facie showing on the issue of liability would keep the case moving forward in a meaningful way without unduly burdening Defendants.[1] (Doc. No. 141, pp. 6-7) The Court entered a stay of this action with respect to any apportionment or damages determination and ordered the parties to submit a proposed scheduling plan for discovery. (Id., p. 7) Upon review of the proposed plans, the Court entered a MCMO on June 21, 2013, specifically providing for limited discovery on Asarco's prima facie case while staying discovery on the issue of allocation and/or damages. (Doc. No. 147, I.1, 2; II. 2)

In an effort to clarify the scope of discovery under the MCMO and the elements applicable to Asarco's prima facie case, this Court held a status conference with counsel on November 15, 2013 and stated its intent that limited discovery should go forward on Asarco's CERCLA liability claim. (Doc. No. 189) To establish a prima facie case on its contribution claim against Union Pacific under CERCLA § 113(f), Asarco must prove that: (i) Union Pacific falls under one of four categories of "covered persons;" (ii) the site in question is a "facility;" (iii) there was a "release" or "threatened release" of a "hazardous substance" at the facility; and (iv)

---

[1] Defendants SFCEC, Anschutz Mining, and NL Industries have stipulated that Asarco has satisfied the prima facie elements of CERCLA liability and discovery is stayed as to their activities. (Doc. Nos. 191, 194, 195)

the release caused it to incur response costs. <u>See</u> <u>Laidlaw Waste Systems, Inc. v. Mallinckrodt,</u> <u>Inc.</u>, 925 F.Supp. 624, 629 (E.D. Mo. 1996).

Upon review, the Court concludes that the noticed topics regarding the liability of Asarco and others do not relate to the prima facie elements of Asarco's CERCLA claim against Union Pacific. While the liability of Asarco and the other Defendants is clearly relevant on the issue of allocation and/or damages, during this phase of discovery, topics 1-3, 7, 9-18, 20-22, and 24-26 lie outside the scope of discovery and the Court will not compel Asarco to answer or produce another Rule 30(b)(6) deposition witness on these topics. The Court further concludes, however, that Asarco's evaluation and assessment of Union Pacific's potential liability, as noticed in topic number 8, is indeed relevant to the elements of Asarco's claim. The Court will grant Union Pacific's motion as to this limited topic only. The motion will be denied as to the remainder of topic number 8 regarding the extent to which Asarco's evaluation and assessment of Union Pacific's potential liability affected its business decision to accept the SEMO settlement in the bankruptcy proceedings, as that topic does not relate to the prima facie elements of Asarco's CERCLA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Union Pacific's Motion to Compel Deposition Responses [206] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendant Union Pacific may continue its deposition of Asarco, at Asarco's expense, for a period of time that is reasonable and necessary for Asarco to fully respond on the limited topic of its evaluation and assessment of Union Pacific's potential liability for the SEMO sites as set forth in topic number 8.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to the remainder of topic number 8 regarding the extent to which Asarco's evaluation and assessment of Union Pacific's potential liability affected its business decision to accept the SEMO settlement in the bankruptcy proceedings as well as to topics 1-3, 7, 9-18, 20-22, and 24-26

Dated this 22nd day of April, 2014.


_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE