**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ASARCO LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:11-cv-00864 JAR |
| | ) | |
| **NL INDUSTRIES, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S**
**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................1

SUMMARY JUDGMENT STANDARD ....................................................................................1

ARGUMENT & AUTHORITIES ..............................................................................................2

I.   Asarco's claim against Union Pacific is barred by the statute of limitations because it waited more than three years after judicial approval of its SEMO settlement before it sued Union Pacific. ..................................................................................................................2

   A.   The Bankruptcy context in which the SEMO Settlement was judicially approved does not alter CERCLA's three-year statute of limitations. ......................................3

   B.   Asarco's claims against Union Pacific do not relate back to Asarco's original Complaint..................................................................................................................5

   C.   Asarco is not entitled to equitable tolling of the statute of limitations. ....................9

II.   Even if Asarco's claim against Union Pacific were not time-barred in its entirety, its claims for contribution at the West Fork, Sweetwater, and Glover Smelter sub-sites must be dismissed because Asarco has made no attempt to make a prima facie showing with respect to any of them and has failed to identify any Union Pacific or predecessor rail lines at these sub-sites.............................................................................................................11

   A.   Asarco has admitted that it has no evidence against Union Pacific relating to the Conceded Sites........................................................................................................11

   B.   Asarco's witnesses offered no evidence against Union Pacific relating to the Conceded Sites........................................................................................................12

   C.   Neither Union Pacific nor any of its corporate predecessors ever owned property within the Conceded Sites......................................................................................13

   D.   Union Pacific is entitled to summary judgment on Asarco's claims relating to the Conceded Sites as a matter of law. ........................................................................14

CONCLUSION ..........................................................................................................................15

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986)............................................................................................1

*ASARCO LLC v. Atlantic Richfield Co.,*
  No. CV 12-53, 2012 U.S. Dist. LEXIS 170628 (D. Mont. Nov. 30, 2012)..............................3

*ASARCO LLC v. Goodwin,*
  No. 12-cv-3749 (S.D.N.Y. Sept. 18, 2013).................................................................3

*Asarco LLC v. Goodwin,*
  No. 13-3954-cv, 2014 U.S. App. LEXIS 12091 (2d Cir. Jun. 25, 2014).........................3, 4, 5

*ASARCO LLC v. Union Pacific R.R. Co.,*
  No. 12-cv-03216, 2013 U.S. Dist. LEXIS 134174 (D. Colo. Jul. 8, 2013).........................3, 4

*Asarco LLC v. Union Pacific R.R. Co.,*
  __ F.3d __, No. 13-1435, 2014 U.S. App. LEXIS 11734 (10th Cir. Jun. 23, 2014)  .......3, 4, 5

*Asarco LLC v. Xstrata PLC,*
  No. 2:12-CV-527, 2013 U.S. Dist. LEXIS 84023 (D. Utah Jun. 14, 2013) ............................3

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986)............................................................................................1

*Cooper Indus., Inc. v. Aviall Servs., Inc.,*
  543 U.S. 157 (2004)............................................................................................2

*Dring v. McDonnell Douglas Corp.,*
  58 F.3d 1323 (8th Cir. 1995) ...........................................................................9, 10

*Firstcom, Inc. v. Qwest Corp.,*
  555 F.3d 669 (8th Cir. 2009) ...........................................................................9, 10

*Foulk v. Charrier,*
  262 F.3d 687 (8th Cir. 2001) .................................................................................7, 9

*In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.,*
  113 F.3d 1484 (8th Cir. 1997) .................................................................................15

*Iowa, Chicago & E.R.R. Corp. v. Pay Load, Inc.,*
  348 F. Supp.2d 1045 (N. D. Iowa 2004)......................................................................15

*Johnson v. Evans*,
 No. CIV-S-05-1223, 2009 U.S. Dist. LEXIS 85467 (E.D. Cal. Sept. 18, 2009).....................6

*Kemp Indus., Inc. v. Safety Light Corp.*,
 Civil Action No. 92-95 (AJL), 1994 U.S. Dist. LEXIS 21466 (D.N.J. Jan 25, 1994) .............6

*Krupski v. Cosa Crociere S.p.A.*,
 560 U.S. 538 (2010)...........................................................................................................6, 7

*Pardue v. Sgt. Glass,*
 Civil No. 05-5004, 2006 U.S. Dist. LEXIS 67607 (W.D. Ark. Sept. 20, 2006)....................8, 9

*Pecoraro v. Diocese of Rapid City*,
 435 F.3d 870 (8th Cir. 2006) ...............................................................................................9

*Rodriguez v. Municipality of San Juan*,
 659 F.3d 168 (1st Cir. 2011) ................................................................................................6

*RSR Corp. v. Comm. Metals Co.*,
 496 F.3d 552 (6th Cir. 2007) ................................................................................................3

*Smith v. City of Akron*,
 476 F. App'x 67 (6th Cir. 2012) ........................................................................................8, 9

*Thomas v. FAG Bearings Corp.*,
 846 F. Supp. 1382 (W.D. Mo. 1994) ...............................................................................14, 15

**STATUTES**

42 U.S.C. § 9601................................................................................................... passim

42 U.S.C. § 9613................................................................................................................4

42 U.S.C. § 9613(f).......................................................................................................2, 12

42 U.S.C. § 9613(f)(3)(B)..................................................................................................5

42 U.S.C. § 9613(g)(3) .....................................................................................................2

42 U.S.C. § 9613(g)(3)(B)..............................................................................................3, 4

**OTHER AUTHORITIES**

73 Fed. Reg. 13569 (2008) ..............................................................................................5

Fed. R. Civ. P. 4(m)..........................................................................................................6

Fed. R. Civ. P. 15 ..........................................................................................................7, 8

Fed. R. Civ. P. 15(c) ..............................................................................................8

Fed. R. Civ. P 15(c)(1)(C) ....................................................................................5

Fed. R. Civ. P. 15(c)(1)(C)(i) ...............................................................................6

Fed. R. Civ. P. 15(c)(1)(C)(ii) ..............................................................................5

Fed. R. Civ. P. 30(b)(6) .......................................................................................10

Fed. R. Civ. P. 56(c) ..............................................................................................1

## INTRODUCTION

This Court should grant summary judgment against Plaintiff Asarco LLC ("Asarco") on its claims against Defendant Union Pacific Railroad Company ("Union Pacific") on the following grounds:

- Asarco's claims are barred by the three-year limitations period on contribution claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") because it waited three years and four months to sue Union Pacific.

- Asarco's claims against Union Pacific do not relate back to the original Complaint because Asarco possessed all the information it needed to name Union Pacific as a party to the original Complaint, and its failure to identify Union Pacific as a party was no "mistake."

- Even if Asarco's complaint were not time-barred in its entirety, Asarco fails to make a prima facie showing that Union Pacific owes it contribution for three of the Southeast Missouri Superfund sites ("SEMO"); specifically, Asarco fails to raise any issues regarding Union Pacific liability at the West Fork, Glover Smelter, and Sweetwater sub-sites.  As such, these claims must be dismissed.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings, depositions, and documents, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) (the court's role is not to weigh the evidence but to determine whether a genuine issue for trial exists).  Summary judgment is proper where, as here, there are unsupported claims the disposition of which promotes the "just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 327 (1986) (internal citations omitted).

1

ARGUMENT & AUTHORITIES

I.    **Asarco's claim against Union Pacific is barred by the statute of limitations because it waited more than three years after judicial approval of its SEMO settlement before it sued Union Pacific.**

Asarco's only claim against Union Pacific is for contribution under CERCLA § 113(f), 42 U.S.C. § 9613(f).[1]  CERCLA has a three-year limitations period for contribution claims, and the limitations period for claims arising from a settlement with the United States or a state begins to run on the date of "entry of a judicially approved settlement with respect to such costs or damages." 42 U.S.C. § 9613(g)(3); *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 167 (2004).  Asarco's contribution claim against Union Pacific is barred by limitations because it was filed after the three-year limitations period expired.

The U.S. Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court") approved Asarco's settlement with the United States and the State of Missouri regarding SEMO on May 12, 2008[2] (the "SEMO Settlement").  Asarco, therefore, had until May 12, 2011, at the latest, to file its contribution claims.  While Asarco filed this lawsuit on May 12, 2011,[3] it did not sue Union Pacific until September 14, 2011—over four months after the statute had run.[4]  Nearly five months later, and nearly nine months after the statute had run, Asarco filed the operative Second Amended Complaint on February 9, 2012, in response to Union Pacific's motion to dismiss or for a more definite statement.[5]

This Court, therefore, should grant summary judgment against Asarco because its contribution claim against Union Pacific is time-barred.

---

[1] Def's Statement of Uncontroverted Material Facts in Supp. of Summ. J. ¶ 15, 2d Am. Compl. at 8 (Doc.78).  For ease of reference, facts in the Statement of Uncontroverted Facts shall be referred to in this memorandum as "Fact No. __."
[2] Fact No. 9, 2d Am. Compl. at ¶ 14; Ex. 5, Order Approving Settlement (Bankr. Doc.7674); *see also* Fact No. 2, Ex. 2, SEMO Settlement (Bankr. Doc. 7070-2).
[3] Fact No 11, Compl. at ¶ 1.
[4] Fact No. 12, 1st Am. Compl. (Doc. 9).
[5] Fact No. 15, 2d Am. Compl. at 8–10 (Doc.78).

**A.      The Bankruptcy context in which the SEMO Settlement was judicially approved does not alter CERCLA's three-year statute of limitations.**

Contrary to the clear text of CERCLA and case law interpreting it, Asarco has contended that because its settlement occurred in the context of a bankruptcy, CERCLA's three-year statute of limitations was triggered on the date Asarco paid the SEMO Settlement, rather than on the date the Bankruptcy Court approved it.[6]  Asarco paid liabilities like the SEMO Settlement on December 9, 2009,[7] the Effective Date of Asarco's Plan of Reorganization (the "Plan").  This was more than 18 months after the Bankruptcy Court approved the SEMO Settlement.  Asarco's attempt to extend the statute of limitations in CERCLA § 113(g)(3)(B) finds no support in the statute.  *See RSR Corp. v. Comm. Metals Co.*, 496 F.3d 552, 558 (6th Cir. 2007) ("the statute of limitations for contribution actions runs from the 'entry' of the settlement, 42 U.S.C. § 9613(g)(3)(B), not from the date that each provision of that settlement takes effect.").  The Courts of Appeals for the Second and Tenth Circuits, as well as four federal district courts, have ruled against Asarco's argument that the statute of limitations runs from the date Asarco paid the settlement.  *Asarco LLC v. Union Pacific R.R. Co.*, ___ F.3d ___, No. 13-1435, 2014 U.S. App. LEXIS 11734, at *12 (10th Cir. Jun. 23, 2014); *Asarco LLC v. Goodwin*, No. 13-3954-cv, 2014 U.S. App. LEXIS 12091 (2d Cir. Jun. 25, 2014) (unpublished); *ASARCO LLC v. Union Pacific R.R. Co.*, No. 12-cv-03216, 2013 U.S. Dist. LEXIS 134174 (D. Colo. Jul. 8, 2013) (unpublished); *ASARCO LLC v. Goodwin*, No. 12-cv-3749 (S.D.N.Y. Sept. 18, 2013) (unpublished); *ASARCO LLC v. Atlantic Richfield Co.*, No. CV 12-53, 2012 U.S. Dist. LEXIS 170628, at *4 (D. Mont. Nov. 30, 2012) (unpublished); *Asarco LLC v. Xstrata PLC*, No. 2:12-CV-527, 2013 U.S. Dist. LEXIS 84023, at *9 (D. Utah Jun. 14, 2013) (unpublished).  The courts

---

[6] *See* Pl's Mem. in Opp'n to Def's Mot. for Summ. J. at 34–40 (Doc. 116).  This Court previously denied Union Pacific's motion seeking summary judgment on similar grounds (Doc. 101), but such denial was without prejudice. Mem. and Order at 7–8 (Doc. 141).
[7] *See* Pl's Mem. in Opp'n to Def's Mot. for Summ. J. at 34–35 (Doc. 116).

in these cases—which all involve interpretation of settlements entered in Asarco's Bankruptcy—have uniformly held that the limitations clock under § 113(g)(3)(B) began running when the Bankruptcy Court approved each settlement, not when Asarco paid it.

The U.S. Court of Appeals for the Tenth Circuit recently affirmed dismissal of a similar Asarco contribution claim against Union Pacific, rejecting Asarco's contention that the limitations period should be calculated from the Effective Date of the Plan, not the date of settlement approval. *Asarco LLC v. Union Pacific R.R. Co.*, __ F.3d __, No. 13-1435, 2014 U.S. App. LEXIS 11734, at *12 (Jun. 23, 2014).[8]  The court analyzed the rigorous approval process to which the settlement had been subjected—including a review of consistency with both CERCLA and substantive bankruptcy law—and concluded that "[t]here is nothing in the term 'judicially approved settlement' or the text of CERCLA § 113 to indicate that there is any special or different rule which would apply in the bankruptcy context." *Id.* at *13–14.  Simply put, the court found that Asarco's position "does not reflect the plain language of the statute." *Id.* at *12.

The Second Circuit Court of Appeals reached an identical conclusion in *Asarco LLC v. Goodwin*, No. 13-3954-cv, 2014 U.S. App. LEXIS 12091 (2d Cir. Jun. 25, 2014) (unpublished). A unanimous panel affirmed the district court and concluded that "[i]t is a sufficient answer to say that Congress chose to tie the limitation period to the 'entry of a judicially approved settlement' and not to 'approval of [a reorganization] [p]lan.'" *Id.* at *26.  The court further noted that under CERCLA's contribution scheme, a "'judicially approved settlement' need only 'resolve[]' a potentially responsible party's liability, and not fix the settlement amount." *Id* (citing 42 U.S.C. § 9613(f)(3)(B)).  "Such a resolution occurs when a potentially responsible

---

[8] The court affirmed the findings of the U.S. District Court for the District of Colorado.  *ASARCO LLC v. Union Pacific R.R. Co.*, No. 12-cv-03216, 2013 U.S. Dist. LEXIS 134174 (D. Colo. Jul. 8, 2013), *magistrate recommendation adopted at* 2013 U.S. Dist. LEXIS 134179 (D. Colo. Sept. 19, 2013).

party is released from CERCLA liability," *id.*, which is precisely what happened when Asarco settled its liability, mid-Bankruptcy, in that case.

Nothing about the SEMO Settlement merits different consideration.  The SEMO Settlement was born of the very same bankruptcy that gave rise to these cases and, like the settlements in each of these cases, the SEMO Settlement set Asarco's exposure for the site and "resolved" Asarco's liability.  *See* 42 U.S.C. § 9613(f)(3)(B); *Goodwin*, 2014 U.S. App. LEXIS 12091, at *25.  The SEMO Settlement underwent "extensive analysis" prior to approval, including public notice and comment and a hearing at which the court heard testimony and received proffers in support of the SEMO Settlement.[9]  *Union Pacific*, 2014 U.S. App. LEXIS 11734 at *16.  The similarities in law and fact are compelling.  This persuasive precedent cannot be ignored.  The statutory language binds this Court to conclude that Asarco's May 12, 2008 SEMO Settlement triggered the statute of limitations, and Asarco's claim expired three years later.  Asarco's contribution claim against Union Pacific had expired by September 14, 2011 and is time-barred.

>    **B.**     **Asarco's claims against Union Pacific do not relate back to Asarco's original Complaint.**

Asarco's claims against Union Pacific do not relate back to the filing of the original Complaint on May 12, 2011.  (Doc. 1).  Federal Rule of Civil Procedure 15(c)(1)(C) allows plaintiffs to avoid a statute of limitations bar when amending pleadings to add a new party, but only when the newly sued defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).  Further, there is no relation back unless the added party had received "such notice of the action that it will not be prejudiced in defending on the merits"

---

[9] Fact No. 7, 73 Fed. Reg. 13569 (2008); Fact No. 8, Ex. 4, Hr'g Tr. (Bankr. Doc. 7748); Fact No. 9, 2d Am. Compl. at ¶ 14; Fact No. 10, Ex. 5, Order Approving Settlement Agreement (Bankr. Doc. 7674).

within 120 days of the filing of the original complaint.  Fed. R. Civ. P. 15(c)(1)(C)(i) (*see also* Fed. R. Civ. P. 4(m)) (providing the 120-day limitation)).  Asarco bears the burden to plead and prove that it is entitled to assert the relation-back doctrine.  *Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 181 (1st Cir. 2011); *Johnson v. Evans*, No. CIV-S-05-1223, 2009 U.S. Dist. LEXIS 85467, *4 (E.D. Cal. Sept. 18, 2009).  Asarco did not file its First Amended Complaint adding Union Pacific until 125 days after filing the original Complaint.[10]   Thus, it cannot meet this high bar; relation back is not available, and its claims against Union Pacific remain time-barred.

The Supreme Court recently clarified the relation-back rule for adding new parties, holding that whether relation back is allowed "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Cosa Crociere S.p.A.*, 560 U.S. 538, 541 (2010).  The key issue is whether the newly added defendant "knew or should have known that, absent some mistake, the action would have been brought against him." *Id.* at 549.  The rule is intended "to allow for correction of mistakes in pleadings, not for an escape from the consequences of poor legal strategy." *Kemp Indus., Inc. v. Safety Light Corp.*, Civil Action No. 92-95 (AJL), 1994 U.S. Dist. LEXIS 21466, at *37 (D.N.J. Jan 25, 1994).

As is clear from the Bankruptcy record and the prior filings in this case, Union Pacific had no knowledge that "absent some mistake" Asarco's contribution claim "would have been brought against [it]." *Krupski*, 560 U.S. at 549.  Asarco never identified any claim against Union Pacific at SEMO in any of its Bankruptcy filings.  Asarco did not include in its initial mandatory

---

[10] Asarco sued Union Pacific over 120 days after filing this lawsuit, so Asarco's First Amended Complaint adding Union Pacific could not have provided it with notice that it would have been sued but for Asarco's mistake. *See* Doc. 1 (filed May 12, 2011) (Asarco original Complaint; Union Pacific not sued); Doc. 9 (filed Sept. 14, 2011) (Asarco First Amended Complaint; adding Union Pacific as a defendant). September 14, 2011, was more than 125 days after May 12, 2011.

disclosure schedule of assets and liabilities, or in any subsequent disclosures in the Bankruptcy, any claims against Union Pacific at SEMO.[11]  In its confirmed Plan, Asarco did not identify or retain any contribution claims against Union Pacific regarding SEMO.[12]  Nor has any regulatory authority ever identified Union Pacific as a liable party at the SEMO sites.[13]  There is no evidence that Union Pacific knew or should have known within 120 days of Asarco's filing suit that it would have been sued.

This circumstance is distinguishable from the typical relation-back scenario.  In the typical relation-back case, a plaintiff sues the wrong defendant within a corporate family and the correct defendant knows that it would have been sued if the plaintiff had only understood which company was the correct party.  See *Krupski*, 560 U.S. at 554–55 (plaintiff mistakenly sued Costa Cruise Lines, N.V., when it should have sued a related company, Costa Crociere S.p.A.); *see also* Fed. R. Civ. P. 15 advisory committee's note on 1966 amendments (relation back intended to salvage claims in which a plaintiff "mistakenly named as a defendant" the wrong government agency, or a "nonexistent agency").  Here, no Union Pacific-related entity was sued until Asarco sued Union Pacific, itself, 125 days later in its First Amended Complaint.

Nor can Asarco claim that its inclusion of John Doe defendants in its original Complaint defeats Union Pacific's statute of limitations defense.  John Doe pleadings "cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995), *amended by Barrow v. Wethersfield Police Dep't*, 74 F.3d 1366 (2d Cir. 1996) (an amendment that replaces a John

---

[11] Fact No. 16, Ex. 6, Asarco's Schedules of Assets and Liabilities at Schedule F-6 (Bankr. Doc. 889).
[12] Fact No. 17, Ex. 7, Asarco Confirmed Plan of Reorganization at p. 25 § 10.13 (Bankr. Doc. 12728-10); Ex. 8, Parent's Plan Ex. 9, Schedule of Litigation Trust Claims at p. 5 (Bankr. Doc. 12728-10).
[13] Fact No. 18, Ex. 9, Grimaila Dep., at 37:20–24, 100:4–7, 199:3–6 (Nov. 7, 2013).

Doe with a named party "may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.")).  *See also Pardue v. Sgt. Glass,* Civil No. 05-5004, 2006 U.S. Dist. LEXIS 67607, at *3–4 (W.D. Ark. Sept. 20, 2006) (where plaintiff had "actual knowledge" of the later-named defendant at the time plaintiff filed the initial complaint naming John Does, plaintiff was not entitled to protection under Rule 15 because there was no "mistake"); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (no relation back remedy for a plaintiff who "did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period.")

Here, Asarco acknowledges it had actual knowledge of Union Pacific's potential liability at the SEMO sites at the time it filed the original Complaint.[14]  It based its conclusions regarding Union Pacific's SEMO liability on an environmental consulting firm's report that predated the SEMO Settlement by more than a year.[15]  Asarco's witness acknowledged that the report identified railroads allegedly "acquired by Union Pacific" that may have contributed to environmental conditions in the SEMO area,[16] and that the report was in Asarco's possession at the time of the SEMO Settlement.[17]  Asarco showed its ability to link railroad activity to SEMO liability[18] by naming Burlington Northern Santa Fe Railway Company ("BNSF") as a defendant in the original Complaint.[19]  Indeed, Asarco's corporate witness, John Christopher Pfahl, testified that by the time Asarco filed the original Complaint on May 12, 2011, Asarco "had enough information to believe that railroads owned and operated in the area could have potential

---

[14] Fact No. 33, Ex. 10, Pfahl Dep., at 132:6–21 (Mar. 19, 2014).
[15] Fact No. 20, Ex. 10, Pfahl Dep., at 65:20–67:2; Fact No. 21, Ex. 11, NewFields Report.
[16] Fact No. 22, Ex. 10, Pfahl Dep., at 98:10–99:10.
[17] Fact No. 23, Ex. 10, Pfahl Dep., at 101:18–25; Fact No. 24, Ex. 10, Pfahl Dep., at 135:4–8.
[18] Fact No. 25, Ex. 10, Pfahl Dep., at 104:1–4; Fact No. 26, Ex. 10, Pfahl Dep., at 136:4–14; Fact No. 27, Ex. 10, Pfahl Dep., at 68:1–6, 68:7–9; Fact No. 28, Ex. 10, Pfahl Dep., at 68:14–17; Fact No. 29, Ex. 10, Pfahl Dep., at 69:8–17; Fact No. 30, Ex. 12, Robbins Dep., at 96:1–13, 96:15–17, 96:22–24 (Apr. 18, 2014); Fact No. 31, Ex. 12, Robbins Dep., at 43:22–45:2, 46:15–22.
[19] Fact No. 11, Compl. at ¶ 1 (Doc. 1)

liability for the SEMO sites."[20]  However, Asarco made no effort to distinguish Union Pacific

from BNSF, a railroad defendant named in the original Complaint.[21]  Asarco failed to determine

whom to sue before the statute of limitations expired—no different from the plaintiffs in *Foulk*,

*Pardue*, or *City of Akron*.  Asarco cannot raise a genuine issue of material fact that it meets the

standards required for its claims against Union Pacific to relate back to its original Complaint for

limitations purposes.  This Court, therefore, should dismiss Asarco's complaint against Union

Pacific in its entirety.

**C.      Asarco is not entitled to equitable tolling of the statute of limitations.**

Asarco cannot raise a genuine issue of material fact that the statute of limitations should

be equitably tolled in this case, because Asarco had actual knowledge of railroad operations in

the SEMO area, as evidenced by its naming BNSF in its original Complaint.[22]  Equitable tolling

of limitations may apply when a plaintiff fails to bring a timely claim because, "despite all due

diligence, [the plaintiff] is unable to obtain vital information bearing on the existence of [its]

claim."  *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995).  The doctrine

also inheres where some "extraordinary circumstance" prevents a plaintiff from suing within the

limitations period.  *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009).  Courts

"generally require strict compliance with a statute of limitations and rarely invoke doctrines such

as equitable tolling . . . [absent] a circumstance truly beyond [its] control . . ."  *Pecoraro v.*

*Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006).  The party claiming equitable tolling

---

[20] Fact No. 33, Ex. 10, Pfahl Dep., at 132:6–21.
[21] Fact No. 35, Compl. at ¶ 9 (Doc.1); Fact No. 36, Ex. 10, Pfahl Dep., at 123:25–124:1, 137:1–6; Fact No. 37, Ex. 10, Pfahl Dep., at 141:18–142:10.
[22] Fact No. 33, Ex. 10, Pfahl Dep., at 132:6–21; Fact No. 34, Ex. 10, Pfahl Dep., at 133:2–13; Fact No. 35, Compl. at 1 (Doc.1); Fact No. 36, Ex. 10, Pfahl Dep., at 123:25–124:1, 137:1–6; Fact No. 37, Ex. 10, Pfahl Dep., at 141:18–142:10.

has the burden to show that it is entitled to that extraordinary relief.  *Firstcom, Inc.*, 555 F.3d at 675.

Asarco's corporate witnesses demonstrated that Asarco completely failed to pursue its rights diligently in identifying Union Pacific as a party with liability at SEMO.  Asarco's Fed. R. Civ. P. 30(b)(6) designee, Christopher Pfahl, testified that it was "not any great revelation that there was railroad hauling of mining materials" in the SEMO area.[23]  Indeed, at the time it filed the original Complaint on May 12, 2011, and for "a good while" before that, Asarco possessed a general understanding of the potential contribution of railroad materials to environmental conditions at SEMO.[24]  Asarco's environmental managers had extensive experience at sites where Union Pacific and Asarco had allegedly shared liability,[25] and they believed these sites were "no different than" SEMO.[26]  Donald Robbins, Asarco's former director of environmental services, testified that he was aware of the connection between railroad operations and potential environmental conditions by at least the early 1990s.[27]  Asarco clearly possessed information to identify Union Pacific well before the SEMO Settlement.[28]

Thus, the testimony of Asarco's designated witnesses confirms there is no genuine issue of material fact that Asarco knew of the potential that Union Pacific could have been a defendant at the SEMO site but failed to conduct any inquiry about Union Pacific's status prior to filing the original Complaint.  Rather than exercise "all due diligence," as the equitable tolling doctrine requires, *see Dring*, 58 F.3d at 1328, Asarco did nothing.[29]  Asarco cannot avail itself of the

---

[23] Fact No. 25, Ex. 10, Pfahl Dep., at 104:1–4.
[24] Fact No. 26, Ex. 10, Pfahl Dep., at 136:4–14.
[25] Fact No. 27, Ex. 10, Pfahl Dep., at 68:1–6, 68:7–9; Fact No. 28, Ex. 10, Pfahl Dep., at 68:14–17; Fact No. 29, Ex. 10, Pfahl Dep., at 69:8–17; Fact No. 30, Ex. 12, Robbins Dep., at 96:1–13, 96:15–17, 96:22–24.
[26] Fact No. 28, Ex. 10, Pfahl Dep., at 68:14–17; *see also* Fact No. 29, Ex. 10, Pfahl Dep., at 69:8–17.
[27] Fact No. 31, Ex. 12, Robbins Dep., at 43:22–45:2, 46:15–22.
[28] Fact No. 30, Ex. 12,  Robbins Dep., at 96:22–24; *see also* Fact No. 33, Ex. 10, Pfahl Dep., at 132:6–21.
[29] Fact No. 34, Ex. 10, Pfahl Dep., at 133:2–13; Fact No. 37, Ex. 10, Pfahl Dep., at 141:18–142:10.

equitable tolling doctrine, and the Complaint against Union Pacific must be dismissed as untimely.

II.     **Even if Asarco's claim against Union Pacific were not time-barred in its entirety, its claims for contribution at the West Fork, Sweetwater, and Glover Smelter sub-sites must be dismissed because Asarco has made no attempt to make a *prima facie* showing with respect to any of them and has failed to identify any Union Pacific or predecessor rail lines at these sub-sites.**

Asarco cannot raise a genuine issue of material fact that Union Pacific is liable at the West Fork, Sweetwater and Glover sub-sites (the "Conceded Sites"). Asarco has admitted that these sub-sites are no longer at issue in the litigation and has failed to present any evidence regarding alleged Union Pacific liability at any Conceded Site. The undisputed facts demonstrate that Asarco has no evidence of Union Pacific liability within or near the Conceded Sites. Asarco's claims regarding the Conceded Sites must be dismissed.

A.     **Asarco has admitted that it has no evidence against Union Pacific relating to the Conceded Sites.**

SEMO is comprised of five sub-sites: (a) Madison County/Catherine Mine; (b) Big River/Federal Mine Tailings (St. Francois County); (c) West Fork Mine; (d) Sweetwater Mine; and (e) Glover Smelter.[30] The West Fork Mine and Sweetwater sub-sites are located in Reynolds County, Missouri.[31] The Glover Smelter sub-site is located in Iron County, Missouri.[32] Although Asarco alleged in the Second Amended Complaint that Union Pacific was liable for contribution at each of the five SEMO Sites,[33] Asarco now unequivocally states in its most recent status report to the Court that "Asarco seeks contribution in this case . . . for environmental harm caused by Defendants in two counties in the Southeast Missouri Mining

---

[30] Fact No. 38, 2d Am. Compl. at ¶ 11 (Doc.78).
[31] Fact No. 39, 2d Am. Compl. at ¶ 11(c); Fact No. 40, 2d Am. Compl. at ¶ 11(d).
[32] Fact No. 41, 2d Am. Compl. at ¶ 11(e).
[33] Fact No. 43, 2d Am. Compl. ¶ 19 (Doc. 78).

District—Madison and St. Francois."[34]  Asarco concedes further that only the two sub-sites in Madison and St. Francois Counties are "at issue in this recovery action. . . ." [35]  Moreover, in response to the Court's order requiring Asarco to make a *prima facie* evidentiary showing on its contribution claim under CERCLA § 113(f), Asarco fails to assert any facts or arguments regarding the Conceded Sites.[36]

**B.      Asarco's witnesses offered no evidence against Union Pacific relating to the Conceded Sites.**

Witness testimony by all of Asarco's corporate and expert witnesses confirms that Asarco has no evidence to support claims against Union Pacific regarding the Conceded Sites.  Asarco's corporate witness John Christopher Pfahl admitted that there were no railroads at West Fork Mine.[37]  Asarco's witness, Donald A. Robbins, testified that he was not aware of any railroads in the area of West Fork or Sweetwater, and all of the ore from the Sweetwater Mine and West Fork Mine was transported to the smelters by truck.[38]  Mr. Robbins also testified that Asarco did not spend any money on remediation or addressing contamination on any railroad rights-of-way at West Fork, Sweetwater, or the Glover Smelter.[39]  Asarco's expert witness Paul V. Rosasco did not address West Fork Mine, Sweetwater Mine, or the Glover Smelter in his expert report,[40] nor did he have any opinions regarding these sub-sites.[41]  Mr. Rosasco also testified that he was not aware of any location where Asarco funds are being used to remediate a Union Pacific right-of-way or to remediate any location attributable to a Union Pacific right-of-way.[42]

---

[34] Fact No. 42, Asarco Status Report at 1 (Doc. 203).
[35] Fact No. 43, Asarco Status Report at 9 (Doc. 203).
[36] Fact No. 44, Pl.'s *Lone Pine* Br. on CERCLA Liability of Union Pacific R.R. Co., at 1, n. 1 (Doc. 214).
[37] Fact No. 49, Ex. 10, Pfahl Dep., at 104:25–105:1, 117:9–10.
[38] Fact No. 50, Ex. 12, Robbins Dep., at 28:20–29:5.
[39] Fact No. 60, Ex. 12, Robbins Dep., at 39:7–11, 34:22–35:5.
[40] Fact No. 62, Ex. 15, Rosasco Dep., at 59:8–11 (Feb. 27, 2014).
[41] Fact No. 66, Ex. 15, Rosasco Dep., at 60:8–11.
[42] Fact No. 65, Ex. 15, Rosasco Dep., at 210:21–212:5.

**C.    Neither Union Pacific nor any of its corporate predecessors ever owned property within the Conceded Sites.**

There is no record that Union Pacific or any of its corporate predecessors own or ever owned property within the West Fork, Sweetwater, or Glover Smelter sub-sites.[43]  Union Pacific's corporate witness, John Hawkins, Director of Real Estate Operations, affirms that Union Pacific and its corporate predecessors have never owned or operated any property within 23 miles of the West Fork Mine or Sweetwater Mine.[44]

Mr. Hawkins' review and evaluation considered both active and abandoned rights-of-way relative to the West Fork, Sweetwater, and Glover sub-sites,[45] and he found no evidence that Union Pacific owns or ever owned property within these sites.[46]  Mr. Hawkins also affirms that a search of Union Pacific's relevant records—including valuation maps, property records, and agreement records—revealed that neither Union Pacific nor any of its corporate predecessors ever owned property in the Glover Smelter sub-site.[47]  The nearest Union Pacific line to the Glover Smelter is the DeSoto Subdivision, which is separated from the Glover Smelter by State Highway 49.[48]  Mr. Hawkins affirms that Union Pacific owns no property in the vicinity of the Glover Smelter west of State Highway 49.[49]   Further, Mr. Hawkins affirms that pipeline and wire line agreements executed by Asarco in 1971 to enable its utilities to cross Union Pacific's De Soto Subdivision right-of-way confirm that the Union Pacific right-of-way in the vicinity of the Glover Smelter is 100 feet wide, and that Union Pacific's right-of-way is physically separated from the smelter property by the highway.[50]

---

[43] Fact No. 56, Ex. 13, Hawkins Decl. ¶ 9.
[44] Fact No. 45, Ex. 13, Hawkins Decl. ¶ 3.
[45] Fact No. 56, Ex. 13, Hawkins Decl. ¶ 9.
[46] Fact No. 56, Ex. 13, Hawkins Decl. ¶ 9.
[47] Fact No. 51, Ex. 13, Hawkins Decl. ¶¶ 3, 7–8.
[48] Fact No. 52, Ex. 13, Hawkins Decl. ¶ 8.
[49] Fact No. 53, Ex. 13, Hawkins Decl. ¶ 8.
[50] Fact No. 55, Ex. 13, Hawkins Decl. ¶ 8.

Union Pacific's records and publicly available records show no evidence that Union Pacific or its predecessors ever owned any property or conducted any operations in Reynolds County.[51]  The West Fork and Sweetwater mine sub-sites are located in the western portion of Reynolds County.  The nearest Union Pacific rail line is the De Soto Subdivision, which runs through Iron and Wayne Counties, which are east of Reynolds County.[52]  Review of publications and Interstate Commerce Commission documents relating to the Missouri Southern Railroad Company ("Missouri Southern") show that it was the only railroad that operated in Reynolds County, but it was abandoned and dismantled in 1941.  These records further support that there was no historic relationship between the Missouri Southern and Union Pacific.[53]  Mr. Hawkins testified that he is not aware of an active Union Pacific rail line that is contiguous to a SEMO site.[54]  And in response to the question whether any of the abandoned lines of the railroads that he researched run through SEMO sites, he testified that:  "No, they did not run through a SEMO site."[55]

> **D.**    **Union Pacific is entitled to summary judgment on Asarco's claims relating to the Conceded Sites as a matter of law.**

With no evidence to support the claims against Union Pacific for contribution relating to the Conceded Sites, this Court should dismiss Asarco's claims for contribution relating to the West Fork Mine, Sweetwater Mine, and Glover Smelter sub-sites of SEMO.  *Thomas v. FAG Bearings Corp.*, 846 F. Supp. 1382, 1396, 1398–99 (W.D. Mo. 1994) (holding that summary judgment is proper when there is "simply no evidence" as alleged in the complaint).  In *FAG Bearings,* the court stated:  "The Court's analysis of the evidence they are able to present makes

---

[51] Fact No. 46, Ex. 13, Hawkins Decl. ¶ 5.
[52] Fact No. 47, Ex. 13, Hawkins Decl. ¶ 4.
[53] Fact No. 48, Ex. 13, Hawkins Decl. ¶ 6.
[54] Fact No. 57, Ex. 14, Hawkins Dep., at 45:7–9 (Mar. 6, 2014).
[55] Fact No. 58, Ex. 14, Hawkins Dep., at 46:12–19, 48:22–49:3.

it clear that the third-party complaint is based on nothing more than inadmissible speculation. Neither before the suit was filed nor during discovery did FAG Bearings develop facts to support its claims. . . . Consequently, the case against the third-party defendants now must end." *Id.* at 1398–99.

Summary judgment is particularly warranted given the Court's ruling requiring Asarco to prove the elements of a *prima facie* case of contribution against Union Pacific. If a party fails to make a sufficient showing of an essential element of a claim with respect to which that party has the burden of proof, then the opposing party is "entitled to judgment as a matter of law." *Iowa, Chicago & E.R.R. Corp. v. Pay Load, Inc.,* 348 F. Supp.2d 1045, 1050 (N. D. Iowa 2004) (citing *Celotex,* 477 U.S. at 323). *See also In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.,* 113 F.3d 1484, 1492 (8th Cir. 1997).

## CONCLUSION

Union Pacific respectfully requests that this Court grant summary judgment against Asarco on its contribution claim against Union Pacific, in its entirety, and dismiss Union Pacific from this action with prejudice. If the Court declines to dismiss the Second Amended Complaint in its entirety, the claims regarding the West Fork Mine, Sweetwater Mine, and Glover Smelter sub-sites should be dismissed for lack of evidence of Union Pacific liability. Union Pacific also respectfully requests an award of its fees and costs in bringing this motion.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By: */s Ann E. Buckley*
Stephen M. Buckley #32919MO
Ann E. Buckley #26970MO
1139 Olive Street, Suite 800
St. Louis, Missouri 63101-1928
Telephone:  (314) 621-3434
Facsimile:  (314) 621-3485
SBuckley@buckleylawllc.com
ABuckley@buckleylawllc.com

And

**CONNELLY ● BAKER ● WOTRING L.L.P.**

By: */s Michael Connelly*
Michael Connelly, admitted pro hac vice
Texas State Bar No. 04685000
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Telephone:  (713) 980-1700
Facsimile:  (713) 980-1702
mconnelly@connellybaker.com

**ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY**
*Original signatures on file*

**SQUIRE PATTON BOGGS (US) LLP**

By: */s Carolyn L. McIntosh*
Carolyn L. McIntosh, admitted *pro hac vice*
Maxine S.A. Martin, admitted *pro hac vice*
1801 California Street, Suite 4900
Denver, Colorado 80202
Telephone:  (303) 894-6127
Facsimile:   (303) 894-9239
Carolyn.McIntosh@squirepb.com
Maxine.Martin@squirepb.com

and

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on this 16th day of July, 2014, a copy of the above and foregoing was filed electronically with the Clerk of the Court, using CM/ECF system, which sent notification of such filing to:

Gregory L. Evans
James G. Warren
Laura Brys
INTEGER LAW CORPORATION
633 W. Fifth  Street, 67th Floor
Los Angeles, CA 90071
gevans@integerlegal.com
jwarren@integerlegal.com
lbrys@integerlegal.com
Attorneys for Plaintiff

Joel L. Herz
LAW OFFICES OF JOEL L. HERZ
3573 E. Sunrise Drive, Suite 215
Tucson, AZ 85718
joel@joelherz.com
Attorneys for Defendant NL Industries,
Inc.

Robert S. Reid
SCHNAPP, FALL, SILVEY & REID, LLP
P. O. Box 151
Fredericktown, MO 63645-0151
sreid@bigrivertel.net
Attorneys for Defendant for St. Francois
County Environmental Corporation

W. James Foland
Michael L. Belancio
Foland, Wickens, Eisfelder,
ROPER & HOFER, PC
911 Main Street, 30th Floor
Kansas City, MO 64105
jfoland@fwpclaw.com
mbelancio@fwpclaw.com
Attorneys for Plaintiff

William C. Blanton, Jr.
HUSCH BLACKWELL, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
wc.blanton@huschblackwell.com
Attorneys for Defendant NL
Industries, Inc.

John F. Cowling
ARMSTRONG TEASDALE, LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
jcowling@armstrongteasdale.com
Attorneys for Defendant Anschutz
Mining Corporation

*/s Carolyn  McIntosh*
Carolyn L. McIntosh