# EXHIBIT 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Case No. 4:11-cv-00864 JAR
_____

VIDEOTAPE DEPOSITION OF:   PAUL V. ROSASCO
                           February 27, 2014
_____

ASARCO LLC,

Plaintiff,

v.

NL INDUSTRIES, INC., et al.,

Defendants.


_____


        PURSUANT TO NOTICE, the videotape
deposition of PAUL V. ROSASCO was taken on behalf of
the Defendant, Union Pacific Railroad Company, at
1801 California Street, Suite 4900, Denver, Colorado
80202, on February 27, 2014 at 9:07 a.m., before
Tracy R. Doland, Certified Realtime Reporter,
Registered Professional Reporter and Notary Public
within Colorado.

Page 59

10:30:28  1          Q.   Madison County/Catherine Mine as A or 1.

10:30:34  2     B, Big River Federal Mine Tailings in St. Francois or

10:30:41  3     Francois County.  C, West Fork Mine.  D, Sweetwater

10:30:44  4     Mine and E, Glover Smelter.  Do you see that?

10:30:51  5          A.   Yes.

10:30:52  6          Q.   Did I read that correctly?

10:30:53  7          A.   Yes.

10:30:54  8          Q.   You did not address in your expert

10:31:02  9     report West Fork Mine, Sweetwater Mine or Glover

10:31:06 10     Smelter; is that correct?

10:31:07 11          A.   Yes.

10:31:07 12          Q.   Your report is limited to Madison County

10:31:12 13     Katherine Mine and Big River Federal Mine Tailings,

10:31:17 14     correct?

10:31:17 15          A.   Yes.

10:31:18 16          Q.   So you addressed two of the subsites, is

10:31:23 17     that your understanding?

10:31:23 18          A.   Yes.

10:31:24 19          Q.   And do you have -- I believe your

10:31:27 20     testimony earlier was, but please correct me if I

10:31:33 21     mischaracterize, do you have an understanding as to

10:31:35 22     why you were asked to only address two sites in the

10:31:40 23     SEMO sites?

10:31:41 24               MR. EVANS:  Object, work product.  Calls

10:31:43 25     for speculation.  Object to the form of the question.

```
10:31:46  1              MS. McINTOSH:  I asked him if he has an
10:31:49  2    understanding.  That doesn't call for speculation.
10:31:51  3              MR. EVANS:  I'm not going to engage in
10:31:53  4    colloquy.  I've made my objection, please proceed.
10:31:56  5         A.   I don't have an understanding.  My
10:31:57  6    specific scope was to address the two subsites that
10:32:02  7    you listed.
10:32:02  8         Q.   (BY MS. McINTOSH)  So do you have any
10:32:04  9    opinions as to West Fork Mine, Sweetwater Mine or
10:32:11 10    Glover Smelter?
10:32:12 11         A.   No.
10:32:55 12              (Deposition Exhibit 35 was marked.)
10:32:56 13         Q.   Mr. Rosasco, I've just had marked and
10:32:57 14    handed to you Exhibit 35.
10:33:06 15         A.   Yes.
10:33:06 16         Q.   Have you seen that document before?
10:33:08 17         A.   Yes.
10:33:08 18         Q.   And could you describe it for the
10:33:11 19    record, please?
10:33:12 20         A.   This is the settlement agreement
10:33:15 21    regarding SEMO sites that was filed in the United
10:33:20 22    States Bankruptcy Court in the Southern District of
10:33:22 23    Texas Corpus Christi Division in 2008.
10:33:25 24         Q.   What is your understanding of this
10:33:26 25    document?
```

```
10:35:12  1          Q.   I direct your attention to the first
10:35:17  2    whereas clause of Deposition Exhibit 35 on page 1.
10:35:22  3    Again, defining the southeastern Missouri sites
10:35:27  4    consisting of the Big River, Big River Mine Tailings,
10:35:32  5    St. Joe Mineral Corporation site, the Federal Mine
10:35:35  6    Tailings site, the Madison County Mine site, the West
10:35:40  7    Fork Mine Mill property, the Sweetwater Mine Mill
10:35:42  8    property and the Glover Smelter property, do you see
10:35:45  9    that?
10:35:46 10          A.   Yes.
10:35:46 11          Q.   Did I read that correctly?
10:35:47 12          MR. EVANS:  Not reasonably calculated.
10:35:49 13    Object to the form.
10:35:51 14          A.   Yes.
10:35:51 15          Q.   (BY MS. McINTOSH)  So, again, the
10:35:57 16    settlement for the southeastern Missouri sites, or
10:36:02 17    SEMO sites, include three site areas or three site
10:36:07 18    properties that you did not address in your expert
10:36:11 19    report; is that correct?
10:36:11 20          A.   That is correct.
10:36:12 21          Q.   You indicated that you visited the site
10:36:33 22    with Mr. Ellis.  What portions of the site did you
10:36:37 23    visit?  Strike that.
10:36:41 24          In your prior testimony you indicated
10:36:45 25    that you visited the site with Mike Ellis.  Did you
```

11:24:12 1    southeast Missouri area, but they had no details about

11:24:15 2    the railroad lines in that area.  Those are what I can

11:24:24 3    recall right now.

11:24:25 4         Q.    Did you formulate any opinions that were

11:24:31 5    rejected by Asarco or its counsel?

11:24:33 6              MR. EVANS:  Objection, compound.  Vague

11:24:35 7    and ambiguous.  Work product.

11:24:40 8         A.    No.

11:24:42 9         Q.    (BY MS. McINTOSH)  Are you providing any

11:24:43 10   legal opinions?

11:24:44 11        A.    No.

11:24:46 12        Q.    Did you determine whether Union Pacific

11:25:14 13   or any predecessors to Union Pacific owned or operated

11:25:18 14   railroads at West Fork Mine, Sweetwater Mine or Glover

11:25:24 15   Smelter SEMO sites?

11:25:25 16             MR. EVANS:  Objection, compound,

11:25:27 17   complex, vague, ambiguous.  Object to form.

11:25:29 18        A.    No.

11:25:30 19        Q.    (BY MS. McINTOSH)  In your opinion, what

11:25:36 20   entities or railroads are Union Pacific predecessors

11:25:42 21   within the SEMO sites in St. Francois and Madison

11:25:46 22   Counties?

11:25:46 23             MR. EVANS:  Objection, compound.

11:25:47 24        A.    Could you read the question back to me?

11:25:53 25        Q.    (BY MS. McINTOSH)  In your opinion, what

04:15:11  1    form.

04:15:11  2                A.   I believe based on my inspections that

04:15:17  3    chat is eroded from the former Belmont line where it

04:15:22  4    crosses City Lake and that there was erosion of

04:15:27  5    tailings into City Lake.  Beyond that, I don't have

04:15:36  6    any specific --

04:15:39  7                MR. EVANS:  Please mark the page.

04:15:41  8         Q.   (BY MS. McINTOSH)  Do you have an

04:15:42  9    understanding as to whether that location is within

04:15:45 10    the Catherine Mine site?

04:15:50 11                A.   No, I don't recall right now as I sit

04:15:54 12    here.

04:15:57 13                MR. EVANS:  We've been going over an

04:16:00 14    hour, so let's take five minutes if we can.

04:16:03 15                MS. McINTOSH:  Fine.

04:16:05 16                THE VIDEOGRAPHER:  Going off the record.

04:16:08 17    The time is 4:16 p.m.

04:16:13 18                (Recess taken, 4:16 p.m. to 4:26 p.m.)

04:25:33 19                THE VIDEOGRAPHER:  We are back on the

04:26:21 20    record.  The time is 4:26 p.m.

04:26:26 21         Q.   (BY MS. McINTOSH)  Mr. Rosasco, are you

04:26:27 22    aware of any location where Asarco funds are being

04:26:33 23    used to remediate Union Pacific right-of-way?

04:26:38 24                MR. EVANS:  Object to the question as

04:26:39 25    calling for a legal conclusion, vague, ambiguous.

Page 211

```
04:26:46  1    Object to the form of the question.
04:26:47  2            A.   I'm not aware that any remediation of
04:26:55  3    Union Pacific right-of-way is being performed at this
04:26:57  4    time.
04:26:57  5            Q.   (BY MS. McINTOSH)  Are you -- so the
04:27:00  6    answer to my question was no?
04:27:02  7            A.   The answer would be no, yes.
04:27:06  8            Q.   Are you aware of any area off Union
04:27:10  9    Pacific right-of-way that you would attribute to Union
04:27:14 10    Pacific right-of-way where Asarco funds are being used
04:27:17 11    to remediate that location?
04:27:19 12            MR. EVANS:  Objection, vague, ambiguous.
04:27:23 13    Object to form.
04:27:23 14            A.   Response actions have been taken by EPA
04:27:35 15    in the state to address service water and sediment in
04:27:41 16    terms of investigations and other actions of which all
04:27:45 17    of the sources, including the UP rail line ballast,
04:27:50 18    would be a contributor.  But I have not looked at the
04:27:54 19    specific derivation of funds associated with those.
04:27:59 20            MR. EVANS:  Mark the page, please.
04:28:02 21            Q.   (BY MS. McINTOSH)  So do you have an
04:28:03 22    opinion to a reasonable degree of scientific certainty
04:28:07 23    whether there is any location attributable to Union
04:28:13 24    Pacific right-of-way where Asarco funds are being used
04:28:16 25    for remediation purposes?
```

Page 212

04:28:18    1                    MR. EVANS:  Object to the question as to
04:28:21    2        being improper in form.  Vague, ambiguous and
04:28:26    3        misstating prior testimony or mischaracterizing prior
04:28:30    4        testimony.
04:28:31    5                    A.   Currently being used, no.
04:29:06    6                    MS. McINTOSH:  I apologize for doing
04:29:07    7        this since we just took a break, but I may be done, so
04:29:15    8        give me just a few minutes and we'll either determine
04:29:19    9        that I'm done subject to a couple of questions that we
04:29:27   10        can do off the record regarding documents, so let's
04:29:32   11        take a break.
04:29:34   12             Q.   (BY MS. McINTOSH)  Mr. Rosasco, you
04:29:36   13        indicated that you had notes.  Actually, let's stay on
04:29:43   14        the record for a moment.  You indicated in prior
04:29:45   15        testimony that you took notes during your visit
04:29:47   16        in -- on December 3 to the site; is that correct?
04:29:52   17             A.   I believe that was for my photo log,
04:29:55   18        which should have been provided to you.
04:29:57   19             Q.   And it's your understanding that your
04:30:00   20        photo log was, in fact, produced to us?
04:30:03   21             A.   Should have been on the CD that was
04:30:05   22        provided.
04:30:05   23             Q.   Would you be willing, off the record, to
04:30:08   24        flip through the documents, we've printed them out, to
04:30:11   25        identify whether your notes are included?  Because we

Page 231

1              I, PAUL V. ROSASCO, do hereby certify

2    that I have read the above and foregoing deposition

3    and that the same is a true and accurate transcription

4    of my testimony, except for attached amendments, if

5    any.

6                   Amendments attached   (  ) Yes   (  ) No

7

8

9                        _____
                          PAUL V. ROSASCO
10

11

12              The signature above of PAUL V. ROSASCO

13    was subscribed and sworn to before me in the county of

14    _____, state of _____,

15    this _____ day of _____, 2014.

16

17

18                        _____
                          Notary Public
19                        My Commission expires:

20

21

22

23

24

25    Asarco LLC, 2/27/14 (td)

Page 232

REPORTER'S CERTIFICATE

STATE OF COLORADO          )
                           ) ss.
CITY AND COUNTY OF DENVER  )


          I, TRACY R. DOLAND, Certified Realtime
Reporter, Registered Professional Reporter and Notary
Public ID 19924009337, State of Colorado, do hereby
certify that previous to the commencement of the
examination, the said PAUL V. ROSASCO was duly sworn
by me to testify to the truth in relation to the
matters in controversy between the parties hereto;
that the said deposition was taken in machine
shorthand by me at the time and place aforesaid and
was thereafter reduced to typewritten form; that the
foregoing is a true transcript of the questions asked,
testimony given, and proceedings had.


          I further certify that I am not employed
by, related to, nor of counsel for any of the parties
herein, nor otherwise interested in the outcome of

this litigation.



          IN WITNESS WHEREOF, I have affixed my

signature this 11th day of March, 2014.



                    My commission expires June 12, 2016.

                    _____
                    Tracy R. Doland
                    Certified Realtime Reporter
                    Registered Professional Reporter

__X__ Reading and Signing was requested.



_____ Reading and Signing was waived.



_____ Reading and Signing is not required.