# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MISSOURI

# EASTERN DIVISION

| | |
|---|---|
| ASARCO LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NL INDUSTRIES, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 4:11-cv-00864-JAR<br><br>**ASARCO LLC'S RESPONSE  TO UNION PACIFIC RAILROAD COMPANY'S PROFFER OF EVIDENCE (DOC. 255)** |

Plaintiff ASARCO LLC ("Asarco") submits its Response to Defendant Union Pacific Railroad Company's ("Union Pacific" or the "railroad") Proffer of Evidence (Doc. 255 at 8). Ignoring the fact that the St. Francois County Site is also known as the Big River/St. Joe/Federal Mine Tailings Site, the railroad is attempting to introduce irrelevant, extrinsic evidence to exploit the United States Environmental Protection Agency's ("EPA") internal reference system to the St. Francois County Site, and its various sub-sites, to discharge its CERCLA contribution liability at the Bonne Terre, Elvins and Leadwood sub-sites.  In light of the railroad's own admission as to ownership and operation at the Bonne Terre lines (*see* Doc. 214-6 at 7-10; Doc. 214-12 at 2-3; Doc. 222-2 at 4, 5-7) and Asarco's and NewFields' conclusive sampling at Bonne Terre (*see* Doc. 214-6 at 13, 15, 18; Doc. 221-11 at 11-3, 42), the railroad is now reaching to muddy its otherwise clear liability at these sub-sites.

On July 16, 2014, Union Pacific filed a portion of a CERCLIS ("CERCLA Information System") report, claiming that it established "Asarco did not settle any liability for the Bonne Terre and Leadwood sites and has expended no response costs at either location."  Asarco objected to the unauthenticated excerpts of the CERCLIS report that were not disclosed by Union Pacific and that were first produced with its Response to Asarco's *Lone Pine* Brief ("Br."). (Doc. 223 at 10, n. 14.)  Nearly a month later, to remedy its own failings, the railroad filed a written response and proffer of evidence to Asarco's objection. (Doc. 255 at 7-8.)  Asarco provides the following response to the railroad's proffer to clarify, yet again, the true definition of the SEMO Sites, and the fact that it paid tens of millions of dollars in response costs to clean up the mining waste contamination released by the railroad at SEMO.

1

The Settlement Agreement Regarding the Southeast Missouri (SEMO) Sites ("SEMO Settlement Agreement," Ex. C to Asarco's Lone Pine Brief (Doc. 214-3)) defines the "SEMO Sites" to consist of:

> the Big River Mine Tailings/St. Joe Minerals Corp. Site, the Federal Mine Tailings Site, the Madison County Mines Site, the West Fork Mine/Mill property, the Sweetwater Mine/Mill property, and the Glover Smelter property, and any location at which hazardous substances from any of these properties have come to be located.

(*Id.* at 1 (Doc. 214-3 at 2).) The St. Francois County Site is also known as the Big River Mine Tailings/St. Joe Minerals Corp. Site/the Federal Mine Tailings Site. (*See* Doc. 214-4 at 2.) Asarco paid over $57 million to settle its liability for response costs and natural resource damages earmarked for St. Francois County. (*Id.* at 4 (Doc. 214-3 at 5).)

"[S]ince consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts." *Mahers v. Hedgepeth*, 32 F.3d 1273, 1274-75 (8th Cir. 1994) (quoting *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236-37 (1975)). Thus, "the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971). The face of the SEMO Settlement Agreement establishes that its settlement is expansive and includes, in addition to settlement of claims for natural resource damages (past and future), the:

> …settlement and satisfaction of all claims and causes of action of the United States and [Missouri] with respect to any and all costs of response incurred, or to be incurred, in connection with the SEMO Sites (including but not limited to the liabilities and other obligations asserted in the Proofs of Claim and other pleadings filed in the Bankruptcy Court related to response costs at the SEMO Sites)…

(Ex. C to Br. at 3 (Doc. 214-3 at 4); *see also id.* at 3-6 (Doc. 214-3 at 4-7).) No extrinsic evidence is needed to clarify Asarco's settlement of its claims at St. Francois County, or the fact

2

that its monies are going to be used to pay response costs for the St. Francois County Site. (*See id.* at 4 (Doc. 214-3 at 5 ("Distributions received by EPA shall be deposited in site specific special accounts for the Big River Mine Tailings/St. Joe Minerals Corp. Site, the Federal Mine tailings Site, and the Madison County Mines Site within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with such sites, or to be transferred by EPA to the EPA Hazardous Substances Superfund.")).) Here, Union Pacific – not even a party to the Settlement Agreement – is attempting to use extrinsic evidence to enforce an interpretation inconsistent with the EPA's own definition of the St. Francois County Site.

As evidenced by the CERCLIS database, the St. Francois County Superfund Site is also known as the Big River Mine Tailings/St. Joe Minerals Corp. Site, or the Federal Tailings Pile.[1] The EPA's Factsheet for the St. Francois County Site further clarifies the definition of the St. Francois County Superfund Site to include the Bonne Terre, Leadwood and Elvins sub-sites:

> The Big River Mine Tailings/St. Joe Minerals Corp. site is located in a former mining region known as the "Old Lead Belt", which is 70 miles south of St. Louis.  This site is composed of six large areas of mine waste in this rural region, approximately 110 square miles in size. *The areas included are the Bonne Terre Mine Tailings Site, the Leadwood Mine Tailings Site, the Elvins Mine Tailings Site*, the Federal Mine Tailings Site, the Desloge Mine Tailings Site, and the National Mine Tailings Site.  Also included are the surrounding residential and recreational areas.

(Doc. 214-4 at 2 (emphasis added).)  Notwithstanding the fact that Asarco's settlement is for the entire St. Francois County Site and "*any location at which hazardous substances from any of these properties have come to be located*," the railroad proffers this database excerpt for the proposition that notwithstanding the clear language of the SEMO Settlement Agreement or the

---

[1] U.S. Environmental Protection Agency, Superfund Information Systems, http://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.aliases&id=0701639 (last accessed Sept. 11, 2014).

3

EPA's definition of the St. Francois County Site, since Asarco was not listed in this one isolated database as potentially responsible parties at these sub-sites, its money could not be used for those response costs.  This proposition is without merit.

Moreover, the CERCLIS database on its face is not consistent in its demarcation of sub-sites and should not constitute reliable evidence regarding potentially responsible parties or response costs.  For instance, the database fails to list the Catherine Mine Site as an NPL site. (*See* Ex. 2 at 1, Excerpts of EPA CERCLIS Report and Data Files List 11-Responsible Parties at CERCLIS Sites, *available at* http://www.epa.gov/superfund/sites/phonefax/products.htm (last accessed Sept. 11, 2014).)  It instead only lists the Madison County Mines Site, without demarking its separate sub-sites.  (Ex. 2 at 2.)  Certainly, the railroad's co-Defendants, Anschutz Mining Corporation and NL Industries, Inc. would dispute that they are responsible for the entire Madison County Mines Site, notwithstanding the location and extent of their operations, since the database did not break out the separate sub-sites.

As established, the CERCLIS database is not a reliable source for how EPA's monies are to be spent, and the Court should first look at the consent decree itself before resulting to such extrinsic evidence.  The SEMO Settlement Agreement is clear that Asarco resolved its liability

///

///

///

///

///

4

for the entire St. Francois County and Madison County Sites, not isolated tailings piles as depicted by the railroad.  The Court should sustain Asarco's objection and exclude the evidence.

Dated:  September 11, 2014   /s/Gregory Evans
Gregory Evans (CA SBN 147623)
Laura G. Brys (CA SBN 242100)
Daphne Hsu (CA SBN 247256)
*Admitted Pro Hac*
INTEGER LAW CORPORATION
633 West Fifth Street, Floor Sixty Seven
Los Angeles, California 90071
Telephone: (213) 627-2268
Facsimile:  (213) 627-2579
E-Mail: gevans@integerlegal.com
E-Mail: lbrys@integerlegal.com
E-Mail: dhsu@integerlegal.com

And

W. James Foland
Michael L. Belancio
FOLAND, WICKENS, EISFELDER, ROPER & HOFER, PC
911 Main Street, 30th Floor
Kansas City, Missouri 64105
Telephone: (816) 472-7474
Facsimile:  (816) 472-6262
E-Mail: jfoland@fwpclaw.com
E-Mail: mbelancio@fwpclaw.com

Attorneys for ASARCO LLC

**CERTIFICATE OF SERVICE**

  I certify that on the 11th day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

               By: /s/ Gregory Evans
                 Gregory Evans