# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ASARCO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV00864 JAR |
| | ) | |
| NL INDUSTRIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On September 12, 2014, this matter came before the Court for hearing on ASARCO's

Lone Pine Brief on CERCLA Liability of Union Pacific (Doc. No 214) and Union Pacific's

Motion for Summary Judgment. (Doc. No. 220) As grounds for summary judgment, Union

Pacific argues, *inter alia*, that ASARCO's claim is time-barred because it was not filed within

three years of the claim settlement approval. ASARCO added Union Pacific as a party to this

action through its amended complaint filed September 14, 2011 (Doc. No. 9) and argues the

amendment relates back to the original complaint filed on May 12, 2011.[1]

At the hearing, counsel for ASARCO argued he had had no opportunity for discovery on

Union Pacific's statute of limitations affirmative defense, since the issues had been limited to

Lone Pine liability. He indicated to the Court that if given the opportunity, he would depose a

---

[1] Whether an amendment relates back to the time of the filing of the original complaint is governed by Rule 15(c). Rule 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when… (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within [120 days], the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) *knew or should have known that the action would have been brought against it*, but for the mistake concerning the proper party's identity. (Emphasis added.)

Rule 30(b)(6) corporate representative of Union Pacific to ascertain when Union Pacific first knew or should have known about ASARCO's contribution claim. Counsel for Union Pacific took the position that no additional discovery is needed in that the record is clear and ASARCO has had ample opportunity to develop this issue. Counsel for Union Pacific requested and was granted leave to file with the Court the transcript of the video deposition of Robert Grimaila taken November 7, 2013 on the issue of Union Pacific's notice. The Court is in receipt of the transcript filed on September 12, 2014. (Doc. No. 276-1)

Given the Court's MCMO limiting discovery to ASARCO's CERCLA liability claim until after an order issues on the Lone Pine issues, the Court will give ASARCO thirty days to conduct a Rule 30(b)(6) deposition on the limited issue of Union Pacific's notice of ASARCO's CERCLA contribution claims at the SEMO sites and supplement its response to Union Pacific's motion for summary judgment. The Court will grant Union Pacific fifteen days to reply, at which time the Court will take the matter under submission.

Accordingly,

**IT IS HEREBY ORDERED** that ASARCO shall have thirty (30) days, up to and including October 31, 2014, in which to conduct a Rule 30(b)(6) deposition on the limited issue of Union Pacific's notice of ASARCO's CERCLA contribution claims at the SEMO sites and supplement its response to Union Pacific's motion for summary judgment.

**IT IS FURTHER ORDERED** that Union Pacific shall have fifteen (15) days, up to and including November 15, 2014 to file a reply.

Dated this 1st day of October, 2014.

_____
**UNITED STATES DISTRICT JUDGE**
**JOHN A. ROSS**