# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ASARCO LLC, a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-CV-00864-JAR |
| | ) | |
| NL INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Asarco's Motion to Compel Further Rule 30(b)(6) Deposition of Defendant Union Pacific on the Issue of Notice and for Sanctions. (Doc. No. 291) The motion is fully briefed and ready for disposition.

On July 16, 2014, Union Pacific filed its motion for summary judgment based on its statute of limitations affirmative defense arguing that Asarco's claim against Union Pacific does not relate back to its original complaint. (Doc. No. 220) On October 1, 2014, this Court granted Asarco thirty days to conduct an additional Rule 30(b)(6) deposition on the limited issue of Union Pacific's notice of Asarco's CERCLA contribution claims at the SEMO sites and to supplement its response to Unions Pacific's motion for summary judgment. (Doc. No. 288) After meet and confer efforts between the parties, Asarco served an amended notice of deposition on Union Pacific on October 20, 2014. The sole topic of examination was "Union Pacific's notice of Asarco's CERCLA contribution claims at the SEMO sites." (See Doc. No. 292-9 at 5)

On October 28, 2014, Asarco deposed Union Pacific's designated witness, Robert M. Grimaila, Vice-President of Safety, Security and Environment, for five hours. (Doc. No. 292-1) Asarco contends that Grimaila was neither knowledgeable nor prepared to answer questions

1

regarding the sole topic of his deposition - when Union Pacific first knew that Asarco had CERCLA contribution claims at SEMO. (Doc. No. 291 at 5) Asarco asserts that Grimaila was only provided information that Union Pacific's counsel deemed critical, while not being provided any of the records pertaining to an "investigation" of Union Pacific's notice and understanding of the lawsuit. Thus, he was unable to testify based on his own review of documents and inquiry regarding the issue of notice. (Id. at 1) Asarco moves this Court to compel a further Rule 30(b)(6) deposition of David P. Young, Union Pacific's General Solicitor and National Environmental Counsel on the issue of Union Pacific's notice, including: (a) Union Pacific's "investigation" of Asarco's SEMO claims, including when the investigation of Asarco's CERCLA contribution claims commenced, (b) what internal communications and actions were taken in response to Asarco's July 20, 2011 CERCLA claim letter, (c) when Union Pacific first received a copy of the Complaint filed on May 12, 2011, how it was received and what actions were taken in response, and (d) when Union Pacific first received a copy of the First Amended Complaint (FAC) filed on September 14, 2011, how it was received and what actions were taken in response. (Id. at 2)

Union Pacific responds that Grimaila was well prepared for his deposition and responded to each topic in Asarco's request for relief. (Doc. No. 295 at 3) Specifically, as to issue (a), Grimaila testified that Union Pacific did not undertake an investigation until after it was served with the FAC. (Doc. No. 292-1 at 85:4-13; 87:10-23) He acknowledged Union Pacific's receipt of a Law360 article about the Asarco/BNSF suit, but stated that Union Pacific took no action in response to reading that article. (Id. at 133:3-10; 134:3-135:10) He also testified about the post-FAC investigation, including naming certain participants and identifying issues investigated. (Id. at 38:12-19; 50:6-17; 85:2-86:20; 207:2-13) Regarding issue (b), Grimaila testified that Union

2

Pacific did not consider Asarco's July 20, 2011 letter (see Doc. 242-1) a "claim" letter, (id. at 18:3-19:23; 20:9-21; 33:9-21; 44:5-13; 57:2-9; 60:24-61:13; 70:16-19; 110:2-23; 156:18-158:4; 161:18-162:5; 168:6-169:2; 231:1-17) and that Union Pacific's August 26, 2011 letter asking for further information was the extent of the action taken. (Id. at 60:24-61:13; 70:9-19) As for questions about whether there were internal meetings about the July 20, 2011 letter, Grimaila stated that counsel assessed the letter and prepared a response (id. at 211:25-214:9) but that any investigation would commence upon service of proper legal documents (id. at 53:23-54:4), which Asarco did not do until Union Pacific was served with the FAC in October 2011. (Id. at 16:20-17:1; 224:8-13) Regarding issue (c), Grimaila testified he had not seen the original complaint (id. at 48:23-49:5), although he reviewed the materials collected in connection with Union Pacific's investigation and preparation for the deposition. (Id. at 18:20-19:1). When presented with a copy of the original complaint, Grimaila stated that Union Pacific would not have received a copy of the original complaint. (Id. at 221:11-222:24) Regarding (d), Grimaila testified that Union Pacific received the FAC when it was served. (Id. at 16:20-17:1; 224:8-13) (Doc. No. 295 at 8-9)

Union Pacific further responds there is no duty to produce a specific witness for a Rule 30(b)(6) deposition (id. at 9) and that in any event, the Eighth Circuit limits the practice of deposing opposing counsel to certain exceptional circumstances, none of which are applicable here. (Id. at 10-13)

In reply, Asarco contends that Union Pacific deliberately misinterprets Rule 15(c)[1] by claiming it only learned of Asarco's claims when it received "formal notice" via the FAC in

---

[1] Rule 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when… (c) the amendment changes the party or the naming of the party against whom a

3

September 2011. Rule 15 requires evidence that a party received notice of the action, not actual receipt of the complaint, yet according to Asarco, Union Pacific prepared Grimaila to evade questions pertaining to that subject. Asarco argues it does not need to prove that Union Pacific had formal notice within the period of time mandated by Rule 4(m), but only such notice of existence of the action that it would not be prejudiced in defending the action. (Doc. No. 297 at 2-4)

District courts are accorded wide discretion in dealing with discovery matters. Centrix Financial Liquidating Trust v. National Union Fire Ins. Co. of Pittsburgh, PA, 2013 WL 3225802, at *2 (E.D.Mo. June 25, 2013) (citing Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir.1988)). As the Supreme Court has stated, because discovery rules should " 'be construed to secure the just, speedy, and inexpensive determination of every action,' … judges should not hesitate to exercise appropriate control over the discovery process." Miscellaneous Docket Matter No. 1. V. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999) (quoting Herbert v. Lando, 441 U.S. 153, 177 (1979)). Upon examination of Grimaila's deposition testimony, the Court finds he was prepared and testified about "information known or reasonably available" to Union Pacific, consistent with the requirements of Rule 30(b)(6). Indeed, in its 16-page Supplemental Brief on Notice filed in opposition to Union Pacific's motion for summary judgment, Asarco states it believes it has "more than enough evidence to establish … that Union Pacific had the requisite notice for relation back to apply." (Doc. No. 293 at 1 n. 1) Nevertheless, Asarco seeks to compel further Rule 30(b)(6) deposition so it can "finally question a

---

claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within [120 days], the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) *knew or should have known that the action would have been brought against it*, but for the mistake concerning the proper party's identity. (Emphasis added.)

knowledgeable deponent on this issue." (Id.) Rule 30(b)(6) does not obligate the noticed entity to produce a particular corporate witness. At some point, discovery must close and the case must progress. Union Pacific's motion for summary judgment is fully briefed and there is sufficient evidence on the record regarding the notice issue for the Court to rule on the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Asarco's Motion to Compel Further Rule 30(b)(6) Deposition of Defendant Union Pacific on the Issue of Notice and for Sanctions [291] is **DENIED**.

Dated this 10th day of December, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**