# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ASARCO LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11-CV-864 JAR ) |
| NL INDUSTRIES, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Union Pacific Railroad Company's Motion for Bill of Costs (Doc. No. 312) and Motion for Rule 54(b) Certification (Doc. No. 324). The motions are fully briefed and ready for disposition.

**Background**

Plaintiff Asarco LLC filed this action on May 12, 2011 under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, for contribution and cost recovery against defendants Anschutz Mining Corporation, BNSF Railway Company, Delta Asphalt, Inc., NL Industries, Inc., and St. Francois County Environmental Corporation for monies it paid in its settlement with the United States and the State of Missouri regarding its environmental liability at the Southeast Missouri Mining District ("SEMO") sites. On September 14, 2011, Asarco filed its Amended Complaint, naming Union Pacific as an additional defendant. On May 22, 2015, this Court entered summary judgment on Asarco's amended complaint in favor of Union Pacific, ruling that Asarco's claim against Union Pacific was time barred by CERCLA's three year statute of limitations, § 9613(g)(3)(B). (Doc. Nos. 308, 309) Also on May 22, 2015, this Court ordered a stay of the proceedings between

Asarco and the remaining Defendants until the United States Environmental Protection Agency ("EPA") completes its investigation, selects a final remedy for the SEMO area, and makes a determination as to the total cost of natural resources damages.[1] (Doc. No. 310)

On June 12, 2015, Union Pacific filed its Motion for Bill of Costs in the amount of $18,893.20 pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Asarco filed its objections to Union Pacific's Bill of Costs on June 29, 2015 (Doc. No. 318) and Union Pacific filed a reply on July 9, 2015 (Doc. No. 319). Union Pacific now moves the Court to certify as final its summary judgment in favor of Union Pacific pursuant to Fed. R. Civ. P. 54(b). Asarco opposes the motion. (Doc. No. 327)

**Discussion**

*Rule 54(b) motion*

Rule 54(b) allows the court to enter final judgment on some but not all of the claims in a lawsuit "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Rule "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956).

The Eighth Circuit has outlined a two-step analysis a district court must undertake when deciding whether to grant Rule 54(b) certification. The court must first determine that it is dealing with a final judgment in the sense that it is an ultimate disposition of an individual claim. Second, in determining that there is no just reason for delay, the district court must consider both

---

[1] Asarco appealed the Court's stay order on June 21, 2015. (Doc. No. 313) The Eighth Circuit Court of Appeals dismissed Asarco's appeal on October 15, 2015. Order, *Asarco, LLC v. NL Industries, Inc.*, Case No. 15-2349 (8th Cir. 2015).

the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. Williams v. Cty. of Dakota, Neb., 687 F.3d 1064, 1067-68 (8th Cir. 2012) (internal citations and quotations omitted).

The parties' arguments focus on the second step of the analysis, the determination of whether there is "no just reason for delay." No precise test exists for determining whether there is "no just reason for delay"; the district court is free to consider any factor that seems relevant to a particular action, keeping in mind the strong federal policy against piecemeal review. Kirkwood v. Taylor, 590 F. Supp. 1375, 1387 (D. Minn. 1984) (citing 10 C. Wright & A. Miller, Federal Practice & Procedure, 2659 at 100-01 (2d ed. 1983)). The Eighth Circuit lists the following factors as relevant to review of a Rule 54(b) certification:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Hayden v. McDonald, 719 F.2d 266, 269 (8th Cir. 1983) (quoting Allis–Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)). Some but not all of these factors may be relevant in a particular case. Id.

Union Pacific argues that without certification, it will suffer unnecessary hardship and injustice because this case will be on hold for years until the EPA completes its investigation, selects a final remedy for the SEMO area, and makes its findings regarding the total cost of natural resources damages. A final judgment would allow Union Pacific to be certain that this

CERCLA litigation against it has ended, as opposed to facing uncertainty for years to come. (Doc. No. 324 at 8-9)

Union Pacific further argues that certification will not affect Asarco's claims against the remaining defendants. Asarco's anticipated appeal involves a discrete issue, i.e., whether Asarco's claim against Union Pacific is time-barred under CERCLA; none of the other defendants have raised a statute of limitations defense. (Id. at 9) Likewise, the risk of appellate review being mooted by future developments is not implicated here because no other defendant has raised a statute of limitations defense. (Id.) Union Pacific also asserts that in the event Asarco successfully appealed this Court's determination that its claim against Union Pacific is time-barred, Rule 54(b) certification would eliminate the need for this Court to conduct two trials – one for Asarco and the remaining defendants, and another for Asarco and Union Pacific. (Id. at 10)

In response, Asarco contends that Union Pacific has not met its burden to show special circumstances or overriding equities that would support certification, noting that if Asarco does not prevail at trial on its CERCLA contribution claims, then its claim against Union Pacific may be mooted. (Doc. No. 327 at 8) In weighing the equities, Asarco suggests that the doctrine of unclean hands prevents Union Pacific from arguing it will suffer hardship and injustice as a result of the stay it advocated for. (Id. at 9-10) Asarco also challenges Union Pacific's claim of financial harm (see Doc. No. 324 at 8) given its current market capitalization of over $65 billion. (Doc. No. 327 at 11) Lastly, Asarco argues that the risk of multiple trials is not a basis for granting certification. (Id. at 11-12)

Union Pacific replies that its summary judgment would only be mooted if Asarco chose not to appeal an adverse ruling by this Court after trial. (Doc. No. 329 at 6-7) Union Pacific

denies acting with unclean hands by opposing the stay and seeking certification since the two actions are not mutually exclusive. (Id. at 7-9) In further reply, Union Pacific argues it need only show the potential for some economic hardship to prevail on its motion for certification, see Hayden, 843 F.2d at 270, which it has demonstrated in light of variable and compounded interest rates. (Id. at 9-10) Finally, the risk of a second trial is an additional permissible factor to consider in favor of certification. (Id. at 12)

This CERCLA contribution action is an unusual case. It has been pending for almost five years, and all parties agree that the remaining issues and claims will take decades to resolve. Because Asarco's claims cannot be resolved without knowing what the final remediation and natural resources damages at the SEMO sites will be, the Court found it necessary to stay the case until such time as the government makes its final determination. The time a successful party must wait for finality is properly considered in determining certification. See Hayden, 719 F.2d at 269 (noting that one of the miscellaneous factors is "delay"); see also Waldorf v. Borough of Kenilworth, 959 F. Supp. 675, 682 (D. N.J. 1997) (noting that "[t]he long delay in resolution of this matter [15 years] favors" certification).

After carefully weighing the relevant factors, including the length of the delay that will occur before there is a final judgment as to all parties and all issues, the Court finds no just reason for delay and concludes that Rule 54(b) certification is appropriate. Upon certification, Asarco will have the option to appeal the final judgment dismissing Union Pacific from the litigation. Certification will not delay progression of the case because the case is stayed pending EPA action in any event. Further, the issue subject to appeal concerns Union Pacific's statute of limitations affirmative defense and is separate and distinct from the remaining litigation involving the merits of Asarco's claims. Immediate appellate review of the summary judgment

order will not be mooted by future developments in this Court, nor will the appellate court be obliged to consider the statute of limitations defense a second time. Judicial economy supports certification if "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

In sum, the equities of the situation and judicial administrative interests all favor certification. For these reasons, the Court will grant Union Pacific's motion for Rule 54(b) certification and direct entry of final judgment on all claims against Union Pacific in this case.

*Bill of costs*

Rule 54(d) authorizes the court to order a reimbursement of costs, exclusive of attorney's fees, to the prevailing party in a litigation. In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005); Fed. R. Civ. P. 54(d). See also 28 U.S.C. § 1920 (enumerating costs that are recoverable).[2] A party granted summary judgment is a "prevailing party" under Rule 54. See e.g., Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995); Swann v. Sec'y, 668 F.3d 1285, 1289 (11th Cir. 2012). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. Marmo v. Tyson Fresh Meats, 457 F.3d 748, 762 (8th Cir. 2006) (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000)).

---

[2] 28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In light of the anticipated appeal of Union Pacific's summary judgment, the Court finds taxation of costs against Asarco at this juncture to be premature. See PJY Enterprises, LLC v. Kaneshiro, No. CIV. 12-00577LEK-KSC, 2014 WL 3778554, at *4 (D. Haw. July 31, 2014) (finding that taxing costs after a Rule 54(b) judgment was premature and citing Woodmen Accident & Life Insurance Co., 784 F.2d 1052, 1057-58 (10th Cir. 1986)). In Woodmen, the plaintiff sought and was granted certification of a summary judgment order as a final judgment pursuant to Fed. R. Civ. P. 54(b). Apparently, costs were awarded against the plaintiff by the trial court and he appealed that order in addition to the summary judgment order. The Tenth Circuit was asked to determine whether it had jurisdiction to review the cost order as an appealable "final judgment." The Woodmen court concluded that the cost order was not final:

> We believe logic dictates that, unless the trial court—as part of its Rule 54(b) certification—directs taxing and apportionment of costs, the time for taxing costs begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues. To hold otherwise would unnecessarily complicate matters.

784 F.2d at 1057. See also Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60, Civil Action No. 09–cv–00858–WJM–MEH, 2011 WL 3889252, at *2 (D. Colo. Sept. 1, 2011) (finding that, under Woodmen, taxing costs after the certification of the dismissal order as a final judgment pursuant to Rule 54(b) was premature and ruling that any award of taxable costs would occur after the entry of judgment as to all claims and all parties in the case); Microsoft Corp. v. Multi–Tech Sys., Inc., No. 00–CV–1412, 2002 WL 32727067, at *2 (D. Minn. Oct. 23, 2002) (staying proceedings, including the determination of taxable costs, until the resolution of any appeal filed from the Rule 54(b) judgment). The Court will, therefore, defer any award of costs until the entry of judgment on all claims as to all parties in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Union Pacific Railroad Company's Motion for Rule 54(b) Certification [323] is **GRANTED**.

**IT IS FURTHER ORDERED** that final judgment shall be entered with respect to the issues determined in this Court's Memorandum and Order dated May 22, 2015 [308] in favor of Defendant Union Pacific Railroad Company and against Plaintiff Asarco, LLC.

**IT IS FINALLY ORDERED** that Union Pacific's Motion for Bill of Costs [312] is **DENIED** without prejudice.

A separate Judgment will accompany this Memorandum and Order.


Dated this 28th day of March, 2016.

                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**